T. J. Peters, *Plaintiff in Error,* v. E. O. Painter Fertilizer Company, *Defendant in Error.*

Opinion Filed May 7, 1917.

Petition for Rehearing Denied.

1. The place of acceptance and not the place of proposal is the place where a contract is consummated.

2. A contract of sale may be made by the acceptance of an offer to sell, as well as the acceptance of an offer to purchase, and where the last act necessary to complete the contract is per-

formed that is the place where the contract is consummated and there the cause of action accrues.

3.  Where an offer of sale is made, an order by letter to purchase the goods so offered, is the last act in the consummation of the contract and the cause of action accrues in the county where the letter ordering the goods was written.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment reversed.

*Atkinson & Burdine,* for Plaintiff in Error;

*S. F. Williams,* for Defendant in Error.

BROWNE, C. J.—T. J. Peters, plaintiff in error, brought suit in the Circuit Court of Dade County against the E. O. Painter Fertilizer Company, a corporation having its principal place of business in the City of Jacksonville, in Duval County, Florida, for damages to a crop of tomatoes caused by the application to his growing plants of an insecticide called "Kill-tone" which he bought from the defendant on a representation and warranty, that if used and applied as directed would kill insects and act as a tonic to the plants and would not injure them. The plaintiff further alleges in substance that he is and was at that time, a large grower of tomatoes in Dade County, Florida, and that the defendant by its duly authorized agent then and there offered to sell this insecticide called "Kill-tone" to the plaintiff, and that plaintiff ordered a ton of said "Kill-tone" powder, and applied it to his tomato plants according to directions given him by the agent of the defendant, and that thereby his plants were damaged and injured, the young plants burned and the greater

VOL. 73, JANUARY TERM, 1917.    1003

Peters v. E. O. Painter Fertz. Co.—Opinion of Court.

portion totally destroyed, and the bearing plants were so badly burned and injured by the powder, that the yield of tomatoes was greatly diminished, and he thereby lost seven thousand crates of tomatoes of the value of $1.75 per crate, and claims ten thousand dollars damages.

The declaration is in two counts, the difference between them being that in the first it is alleged that the defendant "represented" what the "Kill-tone" powder would and would not do, and in the second, that he "guaranteed and warranted" it.   In the second count after the statement of the loss sustained by the plaintiff the declaration alleges "that the defendant corporation has failed and refused and still fails and refuses to pay to the plaintiff the loss and damage which has accrued to him by reason of the use of the 'Kill-tone' powder, notwithstanding the guaranty and warranty of the defendant corporation that such 'Kill-tone' powder would not occasion loss or damage to the plaintiff."

To this declaration the defendant demurred, and filed motions to strike, to dismiss the cause, for compulsory amendment and for bill of particulars; but only the motion to dismiss the cause was passed upon by the court. This motion was based on the following grounds:

"1.   That want of jurisdiction appears on the face of the record.

"2.   That it appears on the face of the record that the Circuit Court in and for Dade County has no jurisdiction over the defendant.

"3.   That it does not appear on the face of the record that the Circuit Court in and for Dade County, Florida, has any jurisdiction of the subject matter of this suit.

"4.   That it appears on the face of the record that the Circuit Court in and for Dade County, Florida, has no jurisdiction of the subject matter of this suit.

"5. That it appears on the face of the record that the defendant is a corporation organized and existing under the laws of the State of Florida, having its principal business office located in the City of Jacksonville, Florida, and this suit ought, if maintained at all, to be brought in the City of Jacksonville, Duval County, Florida."

The Circuit Judge granted the motion to dismiss, and ordered "that the plaintiff take nothing by his said action, and that the defendant go hence without day and recover his cost in this behalf." From this judgment the plaintiff took writ of error to this court.

There are four assignments of error; the first, second and fourth are based on the court's dismissing the plaintiff's action, and the third on the court's entering judgment against plaintiff in favor of the defendant.

Counsel in their briefs have discussed at some length the question whether a motion to dismiss, or a plea in abatement is the proper procedure. From the view we take of this case, it is not necessary to decide this question; neither is it incumbent on us to pass upon that part of the judgment of the court below "that the plaintiff take nothing by his said action, and that the defendant go hence without day," as there is no discussion of that point by plaintiff in error, and moreover as the case will have to be reversed on matters which reach to the merits of the question of jurisdiction.

The defendant in error is a corporation having its principal place of business in Duval County, Florida, and by virtue of Section 1386 General Statutes of Florida, 1906, its residence is there, and in order for the plaintiff in error to maintain his suit the cause of action must have accrued in Dade County.

The plaintiff in error is a large tomato grower in Dade county, and it was there the defendant offered to

VOL. 73, JANUARY TERM, 1917.    1005

·Peters v. E. O. Painter Fertz. Co.—Opinion of Court.    ·

sell the "Kill-tone" powder to him, and it was there that he accepted the offer. He applied the powder to his plants in Dade county, and it was there the injury was done to them, and there his loss and · damage was sustained.

The. defendant in error contends that both counts of the declaration sound in contract, and that the contract was consummated in Duval County, and consequently the action was improperly brought in Dade County.

The declaration shows that the plaintiff was engaged in growing tomatoes in Dade County, and during the latter part of 1913, the defendant by its duly authorized agent offered to sell to the plaintiff a preparation called "Kill-tone" for use on his crop of tomatoes, and "then and there" represented, etc. This language is susceptible only of the construction that the offer to sell the preparation was made by the defendant to the plaintiff in Dade County; and when the plaintiff ordered a ton of the material he accepted the offer of the defendant, and the contract · was then consummated. Both of these acts were done in Dade County. The doctrine laid down in Morgan v. Eaton, 59 Fla. 562, 52 South. Rep. 305, governs in this case. The court did not say in that case that the writing of a letter ordering goods was in all instances the initial step in the making of a contract, when the parties resided in different places, and part of the transaction is carried on by letter. What it said was that the place of the acceptance, and not the place of proposal, is the place of the contract. In this case the proposal was made in Dade County, and the letter written to the defendant in pursuance of his offer made by his duly authorized agent, was the acceptance of the proposal. A contract of sale may be made by the acceptance of an offer to .sell, as well as by the acceptance of an offer to purchase,

and where the last act necessary to complete the contract is performed, that is the place of the contract; and the place where a contract is completed, there the cause of action accrues.

In this case both the initial act—the offer to sell—and the last act in consummation of the contract—the order for a ton of the material, which constituted the acceptance of the proposal, were made in Dade County, and there the cause of action accrued. In addition to this, the breach of the contract occurred in Dade County. The material was sold to be used on the plaintiff's crop of tomatoes which were growing in Dade County, under a representation and warranty that the use of this "Killtone" powder would not injure the plants. The powder was applied to the plants in Dade County, and there the damage was inflicted and the loss sustained.

The cause of action clearly accrued in Dade County, and the plaintiff having obtained service on the defendant, the Circuit Court of Dade County has jurisdiction of the case, and the Circuit Judge erred in dismissing the suit, and entering judgment for the defendant. The judgment is, therefore, reversed.

TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.