MATHEWS, Justice.
This appeal is from a judgment non ob-stante veredicto.
After all of the testimony had been-adduced, the appellee moved for directed verdict which was denied, but thereafter the Court stated:
“I want to reserve my ruling for a directed verdict.”
This entire controversy revolves around three checks given by the appellant to the appellee which had been returned to the ap-pellee by the bank, upon which they were drawn, because of insufficient funds. The appellee was in possession of the checks which had been returned to it. The appellant claimed the checks had been paid. At the trial of the cause the checks were produced by the appellee and received in evidence with the notations thereon. The record further shows that the appellant was notified with reference to these checks and payment was demanded. A responsible officer, for the appellee testified that the checks had not been paid and were returned to his company because of insufficient funds. The appellant did not stop by testifying that he had paid the checks, but went further and stated that he had paid the checks through his bank, The First Bank & Trust Company. Had he stopped in his testimony by simply saying the checks had been paid, there may have been a question of fact to have submitted to the jury, *904 but when he stated that he had paid the checks through his bank, the bank became the instrumentality by which he claimed to have paid the checks. He did not claim that he had paid them personally by cash but only through the bank. He had no records or documents showing payment.
The record shows that the cashier of the bank, with the attorneys for the parties, made a complete search of the records of the bank but found no records showing the payment of the checks involved. The cashier of the bank was sworn as a witness and testified that the records of the bank did not show that the checks had been paid from the account of the appellant or that he bought any Cashier’s Checks or New York Exchange by which the checks could have been paid. This testimony of the cashier of the bank was undisputed. Under this state of the record there was no genuine dispute as to any material question of fact and there was nothing for the Court to submit to the jury.
Affirmed.
HOBSON, C. J., and TERRELL and SEBRING, JJ., concur.