130 So.2d 99 (1961)
M.A. KITE COMPANY, a corporation, Appellant,
v.
A.C. SAMFORD, Inc., a corporation, Defendant.
No. C-300.
District Court of Appeal of Florida. First District.
May 4, 1961.
Rehearing Denied May 29, 1961.
*100 Raymond, Wilson & Karl, Daytona Beach, for appellant.
Cobb & Cole, Daytona Beach, for appellee.
WIGGINTON, Chief Judge.
The appellant domestic corporation, plaintiff in the trial court, seeks reversal of an interlocutory order granting motion of defendant, a foreign corporation qualified to engage in business in Florida, to dismiss the complaint on the ground of improper venue. The suit was instituted in the Circuit Court of Volusia County, Florida. Jurisdiction over defendant was obtained by service of process on its resident agent in Lake County, Florida.
The complaint is in two counts. The first count alleges that plaintiff entered into a written contract with defendant company, copy of which is attached to the complaint as an exhibit. It is alleged that under the contract plaintiff agreed to furnish all labor and materials and furnish all work in painting an administrative building being constructed by defendant under a contract with the State of Alabama. Plaintiff alleges that it fully performed all of its obligations under the sub-contract, for which it was paid in full. It is alleged that on a day specified defendant directed plaintiff to perform extra work consisting of furnishing labor and materials for repainting a part of the building under construction. Under paragraph 6 of the subcontract it was agreed that when directed plaintiff would perform such extra work as it was called upon to do by defendant, the prime contractor. It is alleged that plaintiff performed the extra work as directed by defendant, upon completion of which it submitted its bills to defendant for payment. Plaintiff alleges that defendant has refused to pay the bills so submitted, or any portion thereof, and claims judgment for the amount alleged to be owed. Count Two of the complaint is in general assumpsit for labor and materials furnished at defendant's request. Judgment on this count is also prayed in the exact amount prayed for in count one.
Paragraph 6 of the contract attached to the complaint as an exhibit provides that the sub-contractor (plaintiff) shall make all alterations, furnish the materials for and perform all extra work or omit any work owner or architect require without nullifying this agreement. The amount to be paid by the contractor (defendant) shall be determined as provided under the terms of the general contract.
An examination of the complaint reveals that the cause of action sued upon is one to recover a stated sum of money owed plaintiff by defendant for materials furnished and services rendered in accordance with the requirements of a fully executed written contract.
The applicable section of the statute relating to venue is as follows:
"* * * in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."[1]
It follows that plaintiff's right to maintain the action in Volusia County depends on whether the cause of action accrued in that county.
From the record before us it affirmatively appears that no provision is made in the *101 written agreement attached as an exhibit to the complaint as to where payments to plaintiff under the contract should be made. The plaintiff is a domestic corporation whose principal place of business is located in Volusia County, Florida.
The rule governing the question here presented was clearly and unequivocally stated by the Supreme Court of this state in the Croker case.[2] It was there held that where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach.
The foregoing rule has been consistently adhered to by the Supreme Court in subsequent decisions terminating in the Williams case decided in 1944.[3] The rule is uniformly applicable in determining the place where the cause of action accrues when the action is based upon a failure or refusal to pay money due one of the parties to an executed contract. This is true whether either or both parties to the cause of action are individuals or corporations, domestic or foreign, and regardless of where the contract was consummated or where other provisions of the contract were performed.
Under the rule above stated it is implied that the payments were to be made where the plaintiff payee maintains its principal place of business in Volusia County, and it is in that county where the cause of action accrued. It was in Volusia County that suit was instituted, and therefore the trial court erred in dismissing the complaint on the sole ground of improper venue.
We are not here concerned with where a cause of action for breach of performance under a written contract must be held to have accrued. Causes of action growing out of contractual relationships may accrue in different forums depending upon the nature of the breach which forms the gravamen of the particular action.[4]
For illustration under the cases above cited, if a contract involves a payment of money and no place of payment is expressly agreed upon, the cause of action is held to accrue where the payee resides. On the other hand, in the Peters case relied on by appellee, it was held where a suit is brought for damages arising from the alleged breach of an express warranty, the cause of action accrues at the place where the act necessary to complete the contract is performed.[5]
We are of the view that Volusia County is the proper venue for maintenance of the cause of action alleged in the complaint involved in this case. The order of dismissal is accordingly reversed and the cause remanded for further proceedings.
CARROLL, DONALD K., J., specially concurring and STURGIS, J., dissenting.
CARROLL, DONALD K., Judge (specially concurring).
As I construe the entire contract which is incorporated by reference as a part of *102 the first count of the complaint, a reasonable inference is that payments to the plaintiff are to be made at the construction site in Montgomery, Alabama, rather than at Volusia County, Florida. That contract, however, is not alleged as a part of the second count, which sounds in general assumpsit, and there is no allegation in the latter count showing that the cause of action alleged therein accrued other than in Volusia County. This situation brings into play the provisions of Section 46.03, Florida Statutes 1959, F.S.A., providing that suits "upon several causes of action may be brought in any county (or justice's district) where either of the causes of action arose."
Under this section, which must be read "in pari materia" with Section 46.04, a suit may be brought in Volusia County upon the two causes of action alleged in the two counts of the complaint before us because the cause of action alleged in the second count presumably arose in the said county.
I, therefore, concur in the judgment of reversal, for the reasons stated in this concurring opinion.
STURGIS, Judge (dissenting).
I am obliged to dissent from the conclusion reached by the majority
It is not contested that (1) the defendant is a Georgia corporation; (2) it has no resident agent in Volusia County where this suit was brought; (3) the contract sued on is titled "Montgomery, Alabama"; (4) the contract was performed in Montgomery, Alabama; (5) the materials were supplied to the job at Montgomery, Alabama; and (6) the contract was not accepted in Volusia County. These factors affirmatively appear in Count One of the complaint which details at length the alleged facts upon which recovery is sought for breach of a written contract which is attached to and made a part of that count.
The second and remaining count of the complaint is in general assumpsit "for materials and labor furnished to the defendant at its request."
As I understand the specially concurring opinion of Judge Carroll, the inclusion of the second count in general assumpsit, which in itself contains no allegations concerning venue as does the first count, operates to salvage the position of the appellant from what would otherwise result in an affirmance of the order appealed; in other words, the absence of any allegation in the second count concerning venue raises the assumption that the cause of action therein asserted accrued in the county where the suit was filed. While this observation is technically correct, it ignores the following admission of appellee's brief:
"The second count of the complaint is based upon the same facts alleged in Count One, but is stated in terms of an indebtedness for materials and labor furnished defendant at its request by plaintiff."
While I do not consider this admission material to my views, it definitely seems to have sufficient bearing to wash aside the rationale of the slender thread upon which the appellant's position is sustained by the reversal.
Indeed, the main opinion herein concedes that the suit is to recover a stated sum of money owed plaintiff by defendant for materials furnished and services rendered in accordance with the requirements of a fully-executed written contract, and points out that the claim is for extra work done and materials furnished, the compensation for which was to be determined as provided under the terms of the general contract between the defendant and the State of Alabama.
It is my opinion that the decision of the majority operates to destroy the efficiency of that portion of F.S. 46.04, F.S.A., quoted by the main opinion and operates to whittle away the purpose of the statute by judicial fiat. Venue is not a capricious thing to be glossed over when properly challenged.
*103 The factual situation in the Croker case[1] is clearly distinguishable from the case on appeal. We are here concerned with F.S. 46.04, F.S.A., in its application to suits against foreign corporations authorized to do business in this state and with a contract no part of which was performed in this state. In Croker, the plaintiff, a resident of Duval County, sued in that county a defendant resident of Palm Beach County to recover for legal services rendered. In sustaining venue the Florida Supreme Court held that the contract in suit called for services to be performed in part in Duval County. It clearly dealt with a claim between parties not involved by the mentioned statute.
Baruch v. W.B. Haggerty, Inc., 1939, 137 Fla. 799, 188 So. 797, was a case in which venue was sustained on the ground that plaintiff was entitled to maintain its action in the county where payment under the contract was agreed to be made; the court also holding that if no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business where payment under the contract may be made. Here again the court was not confronted with the statute involved on this appeal. Moreover, the facts alleged by the complaint in the cited case clearly indicate that payment under the contract was to be made in the county where the plaintiff resided and the suit was instituted. No such implication appears in the case now on review.
Producers Supply, Inc., v. Harz, 1942, 149 Fla. 594, 6 So.2d 375, was a claim on an open account owed by defendant to plaintiff, a resident of the county in which suit was instituted. In holding that venue was properly laid, the Florida Supreme Court simply adhered to the common law rule that in the absence of an agreement specifying the place of payment, such a cause of action accrues where the breach of contract occurred or where the payee resides. Here again the statute with which we are concerned on this appeal was in no wise involved.
The rule in Peters v. E.O. Painter Fertilizer Co., 1917, 73 Fla. 1001, 75 So. 749, appears to control this review and the above distinguished cases are not in conflict with the rule in Peters. It was there held that the place of the contract is where the last act necessary to complete it is performed, and that the place where a contract is completed is where the cause of action accrues. Applying the common law test to the case on review, it affirmatively appears that the contract here involved was not accepted, performed, or due to be completed in the county where this suit was instituted; that the contract contains no provision implying that payment was to be made elsewhere than where it was entered into (Montgomery, Alabama) and where the last act necessary on the part of plaintiff to complete it was performed. Applying the rule in Peters, I take it that under the common law the action on review was not maintainable in Volusia County, and that the effect of F.S. 46.04, F.S.A., is to remove any doubt about the matter.
The rule in Peters was followed in Ray-Hof Agencies, Inc. v. Petersen, Fla. 1960, 123 So.2d 251, 253, wherein the Florida Supreme Court quashed a decision of this court, reported in 117 So.2d 497. We had held that Petersen, an employee seeking benefits under the Workmen's Compensation Act, was entitled to compensation for an injury sustained while working on a job in the state of Georgia. Our decision was based on the theory that Petersen had entered upon the performance of his employment contract when he departed from Florida for the work site in Georgia, and this notwithstanding the fact that the last act necessary to make a binding agreement was to take place in Georgia. In quashing the decision of this court, the Florida Supreme Court held that it was in conflict *104 with Peters v. E.O. Painter Fertilizer Co., supra, in that the contract could only be performed in Atlanta, that the place of contract was Georgia and not Florida, and that under Peters the place of contract is "where the last act necessary to complete the contract is performed." Adhering to that decision of the Supreme Court, the only theory upon which the right to maintain this suit in Volusia County can be supported in the face of defendant's motion is by the far-fetched implication that under the contract plaintiff was entitled to receive payment in Volusia County. The undisputed facts do not permit that inference reasonably to be drawn.
Assuming per argumenti that under the common law rule the plaintiff-appellant was entitled to maintain the action in Volusia County, we cannot thereby escape the implications of the statute which, in respect to foreign corporations, sets the specific for venue and overrides any conflicting common law concept.
I am cognizant of the rule that the counts of a complaint need not be consistent. It is arguable that each is to be treated as a separate cause of action and, under such concept, that the affirmative allegations of a count reflecting lack of venue are overcome by a separate count that contains no reference whatever upon which the question of venue might turn. I do not think such a strict interpretation of the act should be applied in those instances where, as in this case, the complaint when considered as a whole does contain affirmative showings reflecting lack of venue and no countervailing allegations. There is no compulsion on one in bringing a suit to lay venue by the complaint as distinguished from jurisdiction to entertain the action. Where, however, the plaintiff does demonstrate lack of venue by affirmative allegations in the complaint, although confined to one count, and admits, as on this appeal, that the remaining count involves the same cause of action, I take the position that the trial court was eminently correct in entering the order appealed. In this I am fortified by the trend of the Florida decisions interpreting F.S. 46.08, F.S.A., by which the right to join separate causes of action in the same suit has been progressively narrowed to the point that the statute cannot be relied on as a catch-all affording the litigant an indirect method to accomplish that which he cannot do directly.
It is axiomatic that the law does not require one to perform useless or unnecessary acts. The second count of the complaint is not supported by a bill of particulars. Absent the admission of appellant's brief that the second count involves the same cause of action stated by the first count, I would nevertheless hold that consideration of the complaint as a whole compels affirmance of the order appealed. Fortified with that admission, it seems doubly clear that such should be the result. The venue statute does not vest in the trial court any latitude of discretion when called on to enforce the rights of a party interposing a plea of privilege. The subject of venue is strictly within the power of the legislature to act upon.
It requires no imagination to realize that it would work a hardship on the defendant to be required to defend this action in Volusia County, Florida. This observation may be equally applicable to the situation with which it would be confronted if the action had been brought in Lake County, Florida, where the defendant had an agent who was served with process in this cause in order to obtain jurisdiction over its person. But the possibility of suing in Columbia County, as the statute clearly permits, begs the question on the point of whether suit was maintainable in Volusia County.
For the reasons stated, I respectfully dissent.
NOTES
[1] Sec. 46.04, F.S., F.S.A.
[2] Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146.
[3] Williams v. Aeroland Oil Co., 1944, 155 Fla. 114, 20 So.2d 346; Producers Supply, Inc. v. Harz, 1942, 149 Fla. 594, 6 So.2d 375; Baruch v. W.B. Haggerty, Inc., 1939, 137 Fla. 799, 188 So. 797; 34 Fla.Jur., Venue, p. 23, § 19.
[4] 34 Fla.Jur., Venue, pp. 21-24, §§ 17-20.
[5] Peters v. E.O. Painter Fertilizer Co., 1917, 73 Fla. 1001, 75 So. 749.
[1] Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146.