HENDRY, Judge.
This is an interlocutory appeal by plaintiff, Brunswick Goldenrod Corporation from an order of the Circuit Court of Dade County, Florida, transferring the cause to the Circuit Court of Orange County, Florida, pursuant to defendant, Frank R. Downs-brough’s motion to dismiss for improper venue.
The affidavits and the complaint show that plaintiff-appellant is a Florida corporation which maintains its place of business in Miami, Florida; that it has never maintained a place of business in Orange County, Florida; that the defendant-appellee is a resident of Orange County and has never lived in Miami or Dade County. It further appears from the record that the parties entered into a written agreement, the pertinent parts of which are as follows:
“March 31, 1962
“Mr. Frank Downsbrough
“2809 Fairbanks Ave.
“Winter Park, Fla.
“Re: Braverman 105 acres
Cross 16 acres
Cross Lots
“Dear Frank:
“This confirms our understanding reached today in your home whereby we agreed for the protection of our mutual interest as follows:
“1. Brunswick is to provide the funds for our joint bid at the sale of the above property. Brunswick guarantees a bid up to and including $200,-000.00.
“2. In consideration of this we are now to share equally — 25% to you and 25% to Brunswick in the sale proceeds or the land. Prior to this new arrangement you were entitled to $13,000., and we were entitled to $6900., from the funds now in the Court Registry. To equalize this, we herewith enclose our check for one half of the difference; $3,050, and the amount now in Court *671 will be shared equally by us. ($19,-900)
# ‡ ‡ * * Jfc
“There will be certain mechanics that will have to be worked out between us.
I am sure we will have no trouble and I am equally sure that we both will benefit from this new arrangement. Please approve this letter by signing and mailing back a copy. We agree to sell the said property for not less than a figure to be hereafter agreed upon between the parties within a reasonable time after the sale if we are the successful bidders.
“Sincerely,
“Irwin E. Kott”
Plaintiff alleges in its complaint that defendant breached the agreement in that he has failed and refused to pay to plaintiff the sum of $10,484.49 which is due it from the sale of the property and the fund in the registry of the court.
It is the plaintiff’s contention that the contract in question involved payment to it of a specific sum of money and failed to provide a place of payment. Plaintiff argues that under the applicable law, where no place of payment is specifically agreed upon, it may be implied that payment is to be made where the payee resides or has an established place of business. It is argued that in such cases, the cause of action accrues where the payee resides or has an established place of business and the action may be maintained in such county for the defendant’s breach.
The defendant takes the position: (1) that the offer and acceptance took place in Orange County; (2) that the offer and acceptance did not involve the payment of money in a sum certain expressly agreed upon, and (3) that the record affirmatively shows that the residence of the defendant was Orange County. Therefore, defendant contends that Orange County is the proper venue for the maintenance of the cause of action.
The plaintiff’s statement of the law appears to be well supported by Florida decisions. In M. A. Kite Co. v. A. C. Samford, Inc., Fla.App.1961, 130 So.2d 99, the court held:
“[1,2] The rule governing the question here presented was clearly and unequivocally stated by the Supreme Court of this state in the Croker case.2 It was there held that where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to. pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant’s breach. * * *
“2. Croker v. Powell, 1934, 115 Fla. 733, 156 So. 146.”
See Winchester v. State for Use and Benefit of Florida Elec. Supply, Inc., Fla.App. 1961, 134 So.2d 826, quoting with approval* the statement above; Richard Bertram & Co. v. Barrett, Fla.App.1963, 155 So.2d 409.
We have carefully reviewed the record! and find that the facts bring it within the rule of law set forth above.
Accordingly the order of transfer is reversed and the cause is remanded for further proceedings.
Reversed with directions.