RAWLS, Judge.
The sole point presented by Defendant (Appellant) on this interlocutory appeal concerns the propriety of the venue of this action as laid by Plaintiff (Appellee).
Plaintiff Crown Capital Corporation, a domestic corporation having its principal place of business in Duval County, brought this action against Defendant Orlando Auto Auction, Inc. in Duval County to rescind the purchase of certain securities referred to in the complaint as “one percentage point in said Rio Coco Mining Company, Limited,” which the Plaintiff had purchased from Defendant. In his order holding that the suit could be maintained in Duval County, the trial judge found that the Defendant corporation does not keep an office for the transaction of its customary business in Duval County, Florida, and that the purchase of the subject securities was consummated in Orange County, Florida. At this point he stated the question as:
“ * * * the query is posed: Does a purchaser of a security, the sale of which is alleged to be in violation of Chapter 517 Florida Statutes, have a right to rescind and thereupon maintain a suit in the county of the purchaser’s residence for the purchase price of said security?”
and then recited Florida Statute, § 517.21, F.S.A.:
“Every sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser; and the person making such sale * * * shall be jointly and severally liable to the purchaser in an action at law in any court of competent jurisdiction upon tender of the securities sold or of the contract made, for the full amount paid by such purchaser, with interest, together with all taxable court costs and reasonable attorney’s fees; provided, that no action shall be brought for the recovery of the purchase price after two years from the date of such sale * *
After examining the authorities upon the subject, he concluded that venue lay in Duval County, Florida, this being the residence of the Plaintiff and the place where Plaintiff attempted to rescind the consummated transaction.
In examining the statutory requisites for the laying of venue, it is apparent that the only basis upon which it could be argued that Duval County is the proper venue for the instant cause is “where the cause of action accrued” for it is observed in the factual recitation above that Defendant corporation does not maintain an office for the transaction of business in Duval County, Florida, nor was the property located in *32 Duval County, Florida, within the meaning •and intent of the venue statutes. Plaintiff insists that the rule enunciated in Croker v. Powell[1] applies to the facts here recited in that his cause of action is founded upon bis rescission of a contract, and since he -elected to rescind in Duval County, it then •constitutes the proper place for filing suit. 'The Croker case dealt with an anticipatory "breach of contract in which it was alleged that a payment of money was due by Defendant to Plaintiff and that no place of ■payment had been agreed upon; thus, the maxim, a debtor must seek his creditor, •applied and venue lay in Duval County where the payment was due. Such is not the case in the instant cause, the facts here being more analogous to the Supreme ■Court’s opinion in Peters v. E. O. Painter Fertilizer Co.[2] and this court’s opinion in .¡Richard Bertram & Co. v. Barrett.[3] In the Peters case the Supreme Court held that "both the initial act, the offer to sell and the last act in consummation of the contract— which constituted" the acceptance of the ■proposal — were made in Dade County and .there the cause of action accrued. We ■reached the same conclusion in Bertram which involved the sale of a boat in Bro--ward County, Florida to a purchaser who ■resided in Pensacola, Florida. After the ■sale was consummated in Broward County, the purchaser sailed the vessel to Pensacola .and there sought to enter suit against the Defendant. We held in Bertram that the -primary cause of action (if any) accrued in Broward County and venue as to the ground ■of where the cause of action accrued lay in Broward County.
The contract here considered was completely formed and the parties bound in Orange County and the breach, if any, occurred in Orange County.
We recognize that the present action is founded upon Florida Statutes, § 517.21, F.S.A., which provides that such suit may be instituted “ * * * in an action at law in any court of proper jurisdiction upon tender of the securities sold or of the contract made. * * We do not construe this language to override the statutory enactments as to venue or the judicial decisions construing same. It simply creates a statutory action at law in the proper venue for such suit and of necessity contemplates that the action will be instituted in accordance with the established rules of law as to venue. We conclude that the trial judge was in error in holding, “ * * * that the statute gives the right of rescission and the Croker case the right of bringing suit in the County of rescission, to-wit: The County of Plaintiff’s residence.” As we elucidated in the Bertram case, the Croker case contemplates more than merely the right of rescission as being a proper predicate for laying venue.
Reversed and remanded with directions that an appropriate order be entered transferring the cause to the appropriate court in Orange County, Florida, pursuant to the provisions of Section 53.17, Florida Statutes, F.S.A.
CARROLL, DONALD K., Acting Chief Judge, and WIGGINTON, J., concur.

. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934).

. Peters v. E. O. Painter Fertilizer Co., 73 Fla. 1001, 75 So. 749 (1917).

.Richard Bertram & Co. v. Barrett, 155 So.2d 409 (Fla.App.lst, 1963).