## MERRY v. DANKO, et ux.
### No. 4394.
Circuit Court, Lake County.

April 21, 1970.

R. Dewey Burnsed of Davis, McLin, Burnsed & Austin, Leesburg, for plaintiff.

John A. Thabes, Fort Lauderdale, for defendants.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for consideration by the court on the defendants' motion to dismiss and motion to abate or transfer for improper venue. Counsel waived oral arguments and the court considered the motions on memorandum briefs submitted.

The facts seem to be undisputed. One or more of the defendants, on May 28, 1969, purchased several antiques from the plaintiff. This purchase was made in Lake County, the residence of the plaintiff. On that date the defendant, Mary Danko, issued a check for these antiques. The check given by the defendant Mary Danko had payment stopped and failed to clear the bank on which it was drawn in Broward County. The antiques were delivered to the defendants on the date of purchase in Lake County. The defendants are residents of Broward County. While it appears from the affidavit of Mary Danko that she never had any intention to pay the plaintiff in Lake County, it does not appear that there was any express agreement as to where payment was to be made. Contrary to the affidavit of Mary Danko, the plaintiff states in her affidavit that payment was intended to be made and received in Lake County.

The sole question before the court is whether venue properly lies in Lake County.

The plaintiff brings her suit in two counts, one of which is a suit on a check and the other is a suit for goods sold and delivered, alleging failure to pay for the same.

In order for the court to properly dispose of this motion it must consider Florida Statutes 47.011, which provides in part as follows —

> "Actions shall be brought only in the county . . . where defendant resides, or where the cause of action accrued, or where property in litigation is located."

Defendants admit that once a suit is brought the burden falls upon the defendant to show that the venue is improper. This becomes

a matter of proving the action is not brought where the defendant resides, that the action is not brought where property in litigation is located, and that the action is not brought where the cause of action accrued.

Plaintiff admits the action is not brought where the defendants reside and that there is no property in litigation, therefore the question becomes whether the action was brought where the cause of action accrued.

It is basic to our Florida jurisprudence that the giving of a check by a debtor for the indebtedness to the payee is not a payment or discharge of the debt in the absence of an express agreement to that affect, and that the debt is not discharged until the check is paid. In case the check is not honored on presentation, the original indebtedness for which it is given is not discharged. Cowen v. Indianapolis Life Insurance Company, 116 Fla. 814, 157 So. 180 (1934); Hensarling v. Curtiss Candy Co., 62 So.2d 903 (Fla. 1953). Thus the plaintiff has a right to sue on the original cause of action, that is, the count for goods sold and delivered.

If no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides and that payment under the contract may be made there. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor, unless it is otherwise provided or agreed. In such cases the cause of action accrues where payment was to have taken place, even though it may be where the plaintiff resides. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Baruch v. W. B. Haggerty, Inc., 137 Fla. 799, 88 So. 797 (1939); Producers Supply, Inc. v. Harz, 149 Fla. 594, 6 So.2d 375 (1942); Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); M. A. Kite Co. v. A. C. Samford, Inc., 130 So.2d 99 (Fla. App. 1961); Brunswick Goldenrod Corp. v. Downsbrough, 156 So.2d 670 (Fla. App. 1963); Duggan v. Tomlinson, 167 So.2d 2 (Fla. App. 1964); Ryder Leaving, Inc. v. Jorge, 168 So.2d 548 (Fla. App. 1964).

Lake County is where the plaintiff resides and therefore, in the absence of an express agreement relating to the place of payment, payment is required to be made in Lake County. For this reason venue properly lies in Lake County.

Therefore, it is ordered and adjudged that the motion to abate or transfer and the motion to dismiss be and the same are hereby denied, and the defendants shall have twenty days from the date of this order in which to plead to the complaint filed herein.