SPECTOR, Chief Judge.
Appellant seeks reversal of an order denying his motion to transfer in a suit for payment under an engineering contract whereby the appellee installed a water system for the appellant. No place of payment of sums due under the contract is stipulated therein as reflected by copy of it contained in appellant’s appendix. Appellant and the water system are located in Glades County. Appellee brought suit for the unpaid balance of the contract price in Alachua County where he resides.
Appellant contends that the present case is controlled by the ruling in James A. Knowles, Inc. v. Imperial Lumber Company, 238 So.2d 487 (Fla.App.1970). We do not agree.
Knowles, supra, was a suit for damages resulting from a breach of a contract of assurance rather than a failure to pay an amount owing under an executed contract.
We believe the present case is controlled by that line of cases exemplified by Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Saf-T-Clean, Inc. v. Martin-Marietta Corp., 197 So.2d 8 (Fla.1967); and M. A. Kite Co. v. A. C. Samford, Inc., 130 So.2d 99 (Fla.App.1971). Judge Wigginton, speaking for this court in Kite, supra, stated:
“The rule governing the question here presented was clearly and unequivocally stated by the Supreme Court of this state in the Croker case. It was there held that where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant’s breach.”
For the reasons herein stated, the interlocutory appeal is dismissed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.