PIERCE, Chief Judge.
In this case appellant Richard M. Jones appeals interlocutorily to this Court from an order of the Pinellas County Circuit Court after hearing of a motion to abate and to dismiss on the grounds of improper venue, resulting in the transferring of the cause to the Sarasota County Circuit Court.
Appellant Jones, a resident of Pinellas County, filed suit in the Pinellas County Circuit Court for sums allegedly due him under a contract with Hickman, Overman and Conrad for preparation of architectural and engineering drawings and specifications for a seven story hi-rise condominium apartment building known as “San Marco Apartments” at a specified location in Venice, Florida. By mutual consent Hickman acted for and on behalf of himself, Overman and Conrad. The contract was signed by Jones as the architect and by Hickman “of Pinellas Construction Company Incorporated” as the owner. Jones completed all of his professional services as agreed under the contract. By the terms of the agreement the owners were obligated to pay the sum of $25,500.-00 for Jones’ services. They paid $21,000.-00, leaving a balance due and owing, according to Jones’ suit, of $4,500.00 which Hickman and his associates failed or refused to pay.
Hickman filed answer denying the indebtedness and affirmatively alleged that he had been granted a discharge in bankruptcy before institution of the suit. Overman and Conrad filed motion to abate and to dismiss the suit because of improper venue, contending that they were residents of and had their place of business in Sarasota County, that Hickman’s trustee in bankruptcy was a resident of Hillsborough County, that the contract was to be performed in Sarasota County, and that the site of the proposed “San Marco Apartments” was in Sarasota County. Jones established by affidavit that he was a resident of Pinellas County; that the contract was made and entered into in Pinellas County; that the architectural services were actually performed in Pinellas County; and that payments were to be made and had been made to him in Pinellas County.
Upon hearing of the motion to abate and to dismiss, the Court ordered the cause of action transferred to the Sarasota County Circuit Court, and it is from this order that Jones comes here by interlocutory appeal. The sole point at issue before us is as to proper venue of the action.
Jones argues here that the proper venue was Pinellas County where he filed the suit, relying upon B & F of Clearwater, Inc. v. Wesley Construction Company, Fla.App.1970, 237 So.2d 790, construing the two Florida statutes on the subject, F.S. §§ 47.011 and 47.051 F.S.A. We agree and reverse.
§ 47.011 inter alia applies to individual defendants, and is as follows:
“§ 47.011 Where actions may be begun
*277 Actions shall be brought only in the county . . . where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.”
§ 47.051, applicable to corporate defendants, is inter alia as follows:
“§ 47.051 Actions against corporations
Actions against domestic corporations shall be brought only in the county . . where such corporation has or usually keeps an office for transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located.”
In Wesley this 2nd District Court said:
“ ‘Place of performance’ as used in determining the place where the cause of action accrues in questions of venue under Fla.Stat. §§ 47.041 and 47.051, F.S. A., is something of a phrase of art, and like all such phrases it can have multiple meanings, depending on the circumstances of the case in which it is applied.”
Quoting from M. A. Kite Co. v. A. C. Samford, Inc., Fla.App.1961, 130 So.2d 99, 101, Wesley proceeds:
“[Wjhere a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant’s breach.”
Accord: Maloney v. Fleishaker, Fla.App.1970, 238 So.2d 496, and James A. Knowles, Inc. v. Imperial Lumber Company, Inc., Fla.App.1970, 238 So.2d 487.
The contract involved in the case sub judice was entered into in Pinellas County, the services for which Jones was to be paid were actually performed in Pinellas County, the payments upon the contract were made to him in Pinellas County, and at least one of the defendants, Hickman, was a resident of Pinellas County.
It follows, based upon the authorities aforesaid, all from this Court, that the interlocutory order appealed, holding improper venue in Pinellas County and transferring the cause of action to the Circuit Court for Sarasota County, must be and is—
Reversed and the cause remanded to the lower Court for further proceedings not inconsistent herewith.
HOBSON and McNULTY, JJ„ concur.