HENDRY, Judge.
This is an interlocutory appeal by plaintiffs from an order of the Circuit Court of Dade County, Florida abating the cause and transferring it to Pinellas County, Florida. The defendant, in its motion to abate, alleged that the action of the plaintiffs was brought in the wrong county since the defendant does not have or usually keep an office in Dade County for the transaction of customary business and because the alleged cause of action did not arise in Dade County.
Plaintiffs’ amended complaint alleges that plaintiffs and defendant are corporations organized and existing under the laws of Florida, with their principal places of business in this state.
In count one of the amended complaint it is alleged that plaintiff Merrill Stevens Yachts, Inc., hereafter “Yachts”, and defendant entered into a written dealership agreement whereby Yachts was appointed dealer and agent in Dade and Broward Counties for the sale and servicing of defendant’s line of sailing vessels. In the fulfillment of its duties, plaintiff Yachts contracted with plaintiff Merrill Stevens Dry Dock Company, hereafter, “Dock”, to perform services in connection with the agreement between Yachts and defendant and that defendant promised by express or implied agreement to reimburse plaintiff Yachts for the reasonable value of such work and has, from time to time in the past, done so but has now failed to pay.
The second count of the amended -complaint alleges that defendant, through its authorized agent, Yachts, orally contracted with plaintiff Dock to perform warranty work on defendant’s vessels and agreed to pay plaintiff Dock the reasonable value of the labor and materials furnished pursuant to such promise. It was further alleged that Dock performed work and furnished materials under said agreement for which it is owed the sum of $14,500.00.
Appellants urge that the trial court erred in entering its order abating and transferring plaintiff’s actions from Dade to Pinel-las County, Florida, when the plaintiffs reside and have an established place of business in Dade County. We agree with appellants and reverse.
We think that the question of venue which is involved in the instant case was answered by our Supreme Court in Saf-T-Clean, Inc. v. Martin-Marietta Corporation, Fla.1967, 197 So.2d 8. It was said therein:
“We therefore hold that under F.S. Sec. 46.04, F.S.A. [47.051 as renumbered] suit for money owed, brought either in special or general assumpsit in which no place of payment was agreed upon, may *232 be brought in the county of residence of the payee for that is where the cause of action, i. e., default in payment, accrues.”
The holding in Saf-T-Clean and other appellate decisions of our Florida courts[1] support our conclusion that the trial court erred in entering its order abating the action and transferring it to Pinellas County. We think that the action should be allowed to proceed in Dade County.
For the reasons stated the order appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.

. Jones v. Hickman, Fla.App.1972, 263 So.2d 275; Lakeport Water Assoc., Inc. v. David B. Smith Engineers, Inc., Fla.App.1972, 257 So.2d 588; B & F of Clearwater, Inc. v. Wesley Const. Co., Fla.App.1970, 237 So.2d 790; M. A. Kite Company v. A. C. Samford, Inc., Fla.App.1961, 130 So.2d 99.