314 So.2d 214 (1975)
FIRST INTERNATIONAL REALTY INVESTMENT CORPORATION, a Florida Corporation, Formerly Known As First National Realty Investment Corp., Appellant,
v.
Robert L. COCHRAN, Appellee.
No. 74-1764.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied July 1, 1975.
Wolf & Schoninger and David R. Weissman, Miami, for appellant.
Storm, Pappas & Krasny and Joseph S. Gillin, Jr., Melbourne, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
*215 PER CURIAM.
Plaintiff takes this interlocutory appeal from the trial court's order transferring this action to Brevard County.
First International Realty Investment Corporation, a mortgage broker, is a Florida corporation licensed to do business in Dade County, Florida. On June 5, 1973 this corporation entered into a written agreement with Robert L. Cochran whereby the corporation was designated as the exclusive agent for Cochran in securing a loan commitment for a project known as Beach Winds Tower Condominium Apartments located in Indialantic, Brevard County, Florida. In August of that year, First International secured a loan commitment which was signed and accepted by Robert Cochran. Thereafter, statements of account from First International's Dade County office were sent to Mr. Cochran who failed to make any payment thereon. The corporation then instituted the present action in Dade County to recover the monies due under the June 5, 1973 contract. In response thereto, the defendant Cochran filed a motion to dismiss and an alternate motion to transfer the cause of action to Brevard County on the grounds of improper venue. Attached thereto was the affidavit of Cochran who alleged therein that (1) he was a resident of Brevard County; (2) he has no office or residence in Dade County nor has he conducted any of the business transactions giving rise to this litigation in Dade County; (3) the mortgage loan commitment was to be furnished to him in Brevard County; and (4) plaintiff, First International Realty Investment Corporation, failed to deliver a commitment acceptable to him in accordance with the agreement of the parties.
After hearing oral argument thereon, the trial judge denied the motion to dismiss and then entered an order directing that the cause of action be transferred to Brevard County. Plaintiff corporation appeals therefrom. We reverse.
The following rule which firmly is established in Florida is dispositive of the question presented in this appeal. Whether either or both parties to a cause of action are individuals or corporations, domestic or foreign, and regardless of where the contract was consummated or where other provisions of the contract were performed, a cause of action brought by a corporation or an individual to recover a stated sum of money owed the plaintiff by the defendant for services rendered in accordance with the terms of the written contract which failed to specify the place where the payments were to be made, properly is brought in the county where the plaintiff has its (or his) principle place of business, as it is implied that the payments were to be made in such county. See Saf-T-Clean, Inc. v. Martin-Marietta Corporation, Fla. 1967, 197 So.2d 8; M.A. Kite Company v. A.C. Samford, Inc., Fla.App. 1961, 130 So.2d 99; B & F of Clearwater, Inc. v. Wesley Construction Company, Fla.App. 1970, 237 So.2d 790; Lakeport Water Association, Inc. v. David B. Smith Engineers, Inc., Fla. App. 1972, 257 So.2d 588; Jones v. Hickman, Fla.App. 1972, 263 So.2d 275; Merrill Stevens Yachts, Inc. v. Irwin Yacht and Marine Corporation, Fla.App. 1973, 276 So.2d 230.
The contract involved in the case sub judice was executed in Dade County and the payments thereupon were to be made to the plaintiff corporation at its Dade County office as reflected by the statements sent to the defendant.
Upon the aforesaid authorities and for the reasons cited hereinabove, we are of the view that Dade County is the proper venue for the maintenance of the cause of action alleged in the complaint in the case at bar and hereby reverse the herein appealed order transferring the action to Brevard County and remand the cause to the trial court for further proceedings.
Reversed and remanded.