FRANK, Judge.
The appellant, Cross-Valente Construction, Inc., appeals from the trial court’s non-final order denying its motion for a change of venue in a contract action initiated by the appellee, Pinellas Industries, Inc. We have jurisdiction to review the trial court’s order pursuant to rule 9.130(a)(3)(A) of the Florida Rules of Appellate Procedure.
Cross-Valente was engaged in the construction of building projects in Pinellas County. Building supplies and equipment were delivered by Pinellas Industries to Cross-Valente at various construction sites. A dispute arose over the amount of money Cross-Valente owed Pinellas Industries. Ultimately, Pinellas Industries filed an action seeking recovery of the indebtedness in Polk County. Cross-Valente filed a motion to abate the action and to transfer venue to Pinellas County. The trial court upon consideration of the motion found and determined that:
The goods sold by the Plaintiff to the Defendant, which are the subject matter of this cause, were sold to the Defendant in Pinellas County, Florida; delivery of the goods was accepted by the Defendant in Pinellas County, Florida; the office of the Plaintiff was in Pinellas County, Florida; and payment was due from the Defendant and payable to the Plaintiff in Pinellas County, Florida.
In addition to the invoices attached to the Complaint, however, there are also attached “delivery tickets”. Such delivery tickets include the phrase “proper venue for any suit shall include Polk County”. Such language therefore constitutes a contractual agreement between the parties concerning venue.
The trial court was in error in concluding that Cross-Valente had contracted to create venue in Polk County.
Although a trial court, in the absence of compelling reasons, is not required to honor an agreement creating venue for the enforcement of a contract, the parties to a contract may designate a venue within which enforcement may be sought. Interval Marketing Associates, Inc. v. Sea Club Associates IV, Ltd., 468 So.2d 262 (Fla. 2d DCA 1985). The question before us is whether Cross-Valente assented to venue in Polk County in the event it were sued *260 for payment of its obligations to Pinellas Industries. We find it did not.
The record before us discloses that Cross-Valente’s principal place of business is in Pinellas County; the building materials were ordered and delivered in Pinellas County; the negotiations preceding the delivery of such materials occurred in Pinellas County; and, the payment for the materials was to take place in Pinellas County at Pinellas Industries’ office in Largo. On the occasions when materials were delivered to. the Pinellas County construction sites, Pinellas Industries’ delivery personnel frequently procured the signatures of Cross-Valente’s employees or other persons on the delivery tickets. The delivery tickets contained the statement that “Proper venue for any suit shall include Polk County.” The invoices received by Cross-Va-lente, however, did not include that language. The delivery tickets appended to the complaint reveal that many, if not all, were signed by anyone purporting to act on behalf of Cross-Valente, some were signed by persons known to Cross Valente, others were signed by persons unknown to Cross-Valente and still others bear such words as “John Wayne,” and “For Sure.” In any case, it does not appear that any delivery ticket was executed by a person possessing authority to bind Cross-Valente to a contractual undertaking permitting venue to be established in Polk County. Rather, the delivery tickets simply indicate the delivery of materials and the acknowledgment of their receipt by persons who were present at the construction sites, some of whom, at best, were merely construction workers employed by Cross-Valente.
Based upon the findings embodied in the trial court’s order and the pleaded fact that payment was to be remitted to Pinellas Industries’ office in Pinellas County, venue is properly in Pinellas County. Section 47.051, Florida Statutes; Jones v. Hickman, 263 So.2d 275 (Fla. 2d DCA 1972).
The trial court is directed to enter an order transferring this matter to the Circuit Court, Pinellas County, Florida.
GRIMES, A.U.J., and LEHAN, J., concur.