PER CURIAM.
The issue on appeal is whether the Judge of Compensation Claims (“JCC”) erred in determining that claimant’s employment was not principally localized in Florida, thus the claim was not covered by the Florida Workers’ Compensation law. Because we believe the JCC applied an incorrect analysis, we reverse and remand for clarification of the final order.
Stephen Levin and his wife Christine Johnson owned five hotels: four in Florida and one in North Carolina.[1] They usually went to North Carolina to check on the His *105 toric Woodfield Inn every month or six weeks. After spending one week in North Carolina, on May 13, 1989, they were driving back to Florida, and stopped in Atlanta to discuss finances and new carpeting for the hotels with Levin’s uncle and cousin, Bernard and Bruce Barg. They arrived in the late afternoon, discussed business for 3-4 hours, and spent the night with the Bargs. The next day, they left at about 11 AM. On the way out of Atlanta, they were in an automobile accident, as the result of which Johnson died.
At the hearing on Levin’s claim for medical and death benefits, he testified that they usually took 1-95 on their way back from North Carolina, and made the trip in one day, but this time they went through Atlanta to meet with the Bargs. They discussed carpeting for all of the hotels. Johnson, who played a major part in actually running the businesses, did most of the talking with Bernard Barg about finances, so Levin was not really sure which hotels they discussed. They were in the process of refurbishing all of the hotels after a failed attempt to sell them. Bernard Barg was former CEO of a multimillion dollar corporation, and they wanted to discuss the financing with him. While in North Carolina, Levin said, they were doing business for all the hotels by telephone, and they cheeked on purchasing paint and wallpaper for all of the hotels. He was not sure whether he arranged the meeting while in Florida or North Carolina; he probably called from Florida and again from North Carolina to confirm. In his deposition, Levin was asked whether they would have gone to Atlanta just to have these discussions with Barg, or whether it was simply convenient because they were coming back from North Carolina. Levin said answering that question would require speculation on his part, but he could say it was convenient to go there from North Carolina.
The JCC found Levin and Johnson had traveled to Atlanta “to obtain ‘friendly intelligent advice’ concerning financial matters and to view carpet samples and discuss carpeting for the hotels,” and they discussed this business for about 4 hours. She further found that Levin had called to ask if they could stop on their way back to St. Petersburg, the arrangements were probably made while they were staying on their property in North Carolina, and Levin said he thought he had called from Florida and confirmed from North Carolina. She noted they conducted business via phone concerning the Florida properties, they usually made the return trip to Florida in one day, Levin could not say whether they would have gone to Atlanta if they had not already been in North Carolina, and he had previously purchased carpet and discussed financial matters with his uncle without making a personal trip to Atlanta. The JCC concluded:
The accident in this case occurred in Georgia during a business trip which was mainly for the purpose of conducting business at the Historic Woodfield Inn, a North Carolina property. Section 440.09(1), Florida Statutes, extends jurisdiction to an accident which occurs outside the state of Florida only if the contract of employment was made in Florida or the employment was principally localized in Florida. The stop made in Atlanta by the Levins was only an incidental aspect of the return trip to Florida from North Carolina. The stopover in Atlanta was for a visit with the claimant’s uncle and the claimant’s cousin, which included a three to four hour discussion concerning financial matters and carpeting for all properties owned by the Levins, including the North Carolina property. However, all of the testimony leads to the conclusion that a special trip to Georgia would not have been made if there had not already been a business trip planned to North Carolina to oversee renovations and improvements in progress. The same type of business discussions had previously been accomplished by telephone or mail. As the primary purpose for the trip to North Carolina was to conduct business at the Historic Woodfield Inn, the “employment” of the Levins during this trip was located primarily in North Carolina. ...
The JCC concluded the Florida workers’ compensation law does not apply.
Section 440.09(1), Florida Statutes, provides: .
*106 compensation shall be payable under this chapter ... if the disability or death results from an injury arising out of and in the course of employment.... Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this state, or the employment was principally localized in this state....
Under section 440.09(1), when an accident occurs outside Florida, workers’ compensation benefits are payable only if the contract of employment was made in Florida or the employee’s employment was principally localized in this state. Johnson v. United Airlines, 550 So.2d 134 (Fla. 1st DCA 1989); General Electric v. DeCubas, 504 So.2d 1276 (Fla. 1st DCA 1986). The JCC determined that the employment in which Levin and Johnson were engaged at the time of the accident was principally localized in North Carolina. A major factor in this determination was that Levin had said he was unsure whether they would have conducted the business in Atlanta in person had they not been in North Carolina. There was evidence they had previously ordered carpet and consulted with Bernard Barg by mail and telephone, supporting the JCC’s inference. Levin was not certain whether they had planned the stop'-over in advance, before leaving Florida, or from North Carolina, closer to the time of the visit, which also would indicate the stop was incidental to their return trip.
The JCC’s findings of fact are supported by competent substantial evidence, however, we cannot reconcile the conclusion of law with the language of section 440.09(1), therefore we find it necessary to reverse and remand for clarification. The statute indicates the JCC should first determine whether the accident arose out of and in the course of employment. The critical issue is not necessarily whether the primary purpose of the trip on which the deceased employee was engaged at the time of the accident was simply to go to North Carolina for purposes related primarily to the North Carolina property. Rather, the critical issue is whether the deceased employee, by reason of the trip to Atlanta and thence on to Florida, was engaged in performing services for the Florida corporation by whom she was employed. Hence, the judge on remand must make specific findings of fact as to the following issues, among others: (1) which of the several corporations owned by appellant actually employed the deceased employee and the duties to be performed in the course of that employment; (2) whether that contract of employment was made in Florida and contemplated the performance of services for the employer both in Florida and elsewhere; and (3) whether the deceased employee was engaged in performing services for her employer by reason of traveling from North Carolina to Florida via Atlanta. If the contract of employment was made in Florida by a Florida corporation and contemplated the performance of services both in Florida and out of state, it is not necessary to consider whether the dominant purpose of the trip to North Carolina was principally localized in that state. The legal requirements for compensa-bility can be met by showing that the decedent was performing services in Atlanta for her Florida employer regardless of the services performed in North Carolina. Our reading of the record suggests that the evidence presented at the hearing would support findings that the decedent was employed by one of the Florida corporations to perform services in Florida and elsewhere, and that the trip via Atlanta was intended to facilitate decedent’s performance of services for her employer in connection with the purchase of carpet for the Florida properties. But the order under review does not contain specific findings on these factual matters. Thus, it is appropriate to remand to the judge of compensation claims for clarification and specific findings on these issues.
Reversed and remanded for clarification.
ZEHMER, C.J., JOANOS and WEBSTER, JJ., concur.

. The JCC did not reach the issues of whether Levin and Johnson were employees and whether Levin was a dependent.