804 So.2d 561 (2002)
D.L. PEOPLES GROUP, INC., Appellant,
v.
Donald HAWLEY, Deceased, and Zenith Insurance Company, Appellees.
No. 1D01-0053.
District Court of Appeal of Florida, First District.
January 18, 2002.
*562 Joseph E. Culmer, of Johnson & Baughan, P.A., Rockledge, for Appellant.
John E. McLain, III, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellees.
BROWNING, J.
D.L. Peoples Group (Appellant) appeals the Judge of Compensation Claims' (JCC) order holding that the accident that caused the death of Appellee Donald Hawley (Hawley) is not compensable in Florida, because Hawley's employment agreement is based on a unilateral contract that could be formed solely by Hawley's performance in Missouri. Appellant argues Hawley's claim is compensable under Florida law, because such agreement is a bilateral contract executed in Florida, where the last necessary signature to complete the contract was obtained. Appellees argue the agreement was a unilateral contract and the JCC's ruling was correct. We agree with Appellant and reverse.
As stipulated by the parties, the relevant facts are that Appellant's representative interviewed Hawley in Missouri. Hawley never came to Florida. He responded to an ad in a Missouri newspaper designed to recruit Admissions Representatives to recruit Missouri residents to attend Appellant's college in Florida. Hawley's job was to recruit Missouri residents situated in Missouri. The representative recommended Hawley be approved, and an Admissions Representative Agreement (agreement) was mailed to Hawley. Hawley signed the agreement on November 16, 1996, in Missouri. The agreement was subsequently mailed to Appellant's President, for the "final say," and he executed the agreement on December 2, 1996, in his office in Kissimmee, Florida. Hawley was then trained exclusively in Missouri. Tragically, Hawley was shot and killed in Missouri while attempting to make one of his first calls.
The agreement provided Appellant was to pay Hawley a commission if Hawley successfully recruited students for Appellant's school; to provide Hawley with an opportunity to participate in Appellant's health and life insurance plans; and to provide appropriate payroll taxes for social security, unemployment and workers' compensation. Hawley agreed, among other things, to devote exclusive time and effort to Appellant's business; to operate in the territory assigned by Appellant; to maintain *563 a certain level of liability and property damage insurance; to maintain certain licenses and levels of expertise in applicable areas; and to attend and complete Appellant's training program.
These mutual responsibilities constitute a bilateral contract. To form a bilateral contract, there must be mutuality of obligation. See McIntosh v. Harbour Club Villas Condominium, 468 So.2d 1075, 1076 (Fla. 3d DCA 1985); see also Baiter v. Pan American Bank of Hialeah, 383 So.2d 256, 257 (Fla. 3d DCA 1980) (holding mutuality of obligation is essential to the formation of a bilateral contract); Mark Realty, Inc. v. Rogness, 418 So.2d 373, 376 (Fla. 5th DCA 1982) (holding a contract is bilateral where it contains mutual promises made in exchange for each other by each of the two contracting parties). Here, Hawley and Appellant clearly made mutual promises. Thus, the agreement is a bilateral contract, and Chapter 440 must be examined to determine the resulting consequences.
Section 440.09(1)(d), Florida Statutes (1999), provides in pertinent part, that:
[I]f an accident happens while the employee is employed elsewhere than in this state, which would entitle the employee or his or her dependents to compensation if it had happened in this state, the employee or his or her dependents are entitled to compensation if the contract of employment was made in this state, or the employment was principally localized in this state.
§ 440.09(1)(d), Fla. Stat. (emphasis added). Thus, based on the plain language of the statute, if a contract is formed in Florida, the accident is compensable under Florida workers' compensation law. See Johnson v. Florida Senior Residence, 642 So.2d 104, 106 (Fla. 1st DCA 1994) (holding that when an accident occurs outside Florida, workers' compensation benefits are payable only if the contract of employment was made in Florida or if the employee's employment is principally located in Florida).
The employment contract between Appellant and Hawley was executed in Florida. A contract is created where the last act necessary to make a binding agreement takes place. See Peters v. E.O. Painter Fertilizer Co., 73 Fla. 1001, 75 So. 749, 750 (1917); see also Ray-Hof Agencies, Inc. v. Petersen, 123 So.2d 251, 253 (Fla.1960); Goodman v. Olsen, 305 So.2d 753 (Fla.1974) (holding that contract signed in New York by promisor from Florida, and partially performed in Florida, was governed by New York law because it was executed in New York). Where one contracting party signs the contract, and the other party accepts and signs the contract, a binding contract results. See Skinner v. Haugseth, 426 So.2d 1127, 1129 (Fla. 2d DCA 1983); see also Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499, 500 (Fla. 3d DCA 1981) (holding Connecticut law applied where contract negotiations took place in New York and Texas, agreement was signed by one party in Texas, forwarded to the other party's headquarters in Connecticut, and last act necessary to complete the contract, i.e., the signing by the last party, was performed in Connecticut). It is undisputed that Hawley signed the agreement then sent it to Appellant in Kissimmee, Florida, where it was signed and executed by Appellant's President. Because the last act necessary to complete the agreement, i.e., Appellant's President's signature, was performed in Florida, the contract was made in Florida. Accordingly, Florida workers' compensation law applies. The JCC erred by finding the agreement was a unilateral contract and Florida workers' compensation *564 law inapplicable, and is, accordingly, REVERSED.
PADOVANO and LEWIS JJ., CONCUR.