343 So.2d 950 (1977)
James L. DAVIS and H.K. Terry, Appellants,
v.
George C. DEMPSEY, Appellee.
No. 76-1598.
District Court of Appeal of Florida, Third District.
March 22, 1977.
*951 Nicholson, Howard, Brawner & Lovett, and Harry K. Bender, Miami, for appellants.
Clark & Livingstone, South Miami, for appellee.
Before HENDRY, C.J., and NATHAN and HUBBART, JJ.
HUBBART, Judge.
This case is a contract action for damages and specific performance. The trial court removed the venue of the cause from Dade County to Palm Beach County, Florida. The plaintiff appeals.
The issue presented for review is whether a complaint which alleges that a person has defaulted on payments due under a contract for the payment of money, which contract fails to expressly provide for a place where such payments were to be made, affirmatively shows that venue is lacking in the county where the contract creditor resides. If no such showing is made, a second issue is presented as to whether this result is changed if the contract debtor makes an unsworn allegation in a motion to dismiss the complaint that payments under the contract were made in another county where the contract debtor resides. We hold that under such circumstances venue is properly laid in the county where the contract creditor resides and reverse.
The plaintiffs-appellants [James L. Davis and H.K. Terry] filed a contract action for damages and specific performance against the defendant-appellee [George C. Dempsey] in the Dade County Circuit Court. The complaint alleged that the plaintiffs were residents of Dade County and the defendant a resident of Palm Beach County. The plaintiffs sought damages from the defendant for non-payment of monies allegedly due and owing on a lease and sale contract involving certain land located in Martin County, Florida. The plaintiffs also sought damages for anticipatory breach of contract on all contract payments not presently due and owing. Finally, the plaintiff sought specific performance on the contract for the sale of land.
The alleged contract between the parties was attached to, and incorporated by the complaint. Under the contract, the plaintiffs agreed to sell and the defendant agreed to buy the aforesaid land in Martin County, Florida. Upon proof of good title, the sale and purchase was to be consummated on February 10, 1977. Between February 10, 1975 and February 9, 1977, the parties agreed that the plaintiff would lease the aforesaid land to the defendant for $30,000, payable in four equal semiannual installments. The contract contained no provisions as to where these payments were to be made, but the parties' respective residences were stipulated in the agreement. *952 One half of the lease payments were to be applied to the down payment for the sale and purchase of the aforesaid land. The parties agreed that Key Properties of Palm Beach County, Florida, would be the procuring real estate broker in this transaction.
The complaint alleges that the defendant paid the first lease installment in the amount of $7,500, but has refused upon demand to pay the next two installments which are now overdue; that the defendant has communicated to the plaintiffs his refusal to pay any future installments under the contract; and that the defendant has evinced an intent not to purchase the land as agreed under the contract.
The defendant moved to dismiss the complaint on the ground of improper venue. Specifically, the defendant alleged that all sums due under the contract were paid to Key Properties in Palm Beach County. This motion was not sworn to nor does the record reflect that the defendant submitted any sworn proof in support of this allegation. The trial court granted the motion and transferred the venue of the cause to the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida. A timely petition for rehearing was heard and denied.
The principles of venue law which govern this appeal are well-settled. A lawsuit may be brought in any county where the cause of action accrued and, if several causes of action are involved, in any county where any one of the causes of action arose. Sections 47.011, 47.041, Florida Statutes (1975).
An action, as in the instant case, on a contract for the payment of money, where the contract debtor has defaulted on payments thereunder, accrues in the county where payment was agreed to be made. If no place of payment has been expressly agreed upon, it will be implied that payment was to be made in the county where the contract creditor resides. The theory is that the debtor should seek the creditor to make payment under the contract unless otherwise provided or agreed. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944); Duggan v. Tomlinson, 167 So.2d 2 (Fla. 1st DCA 1964), aff'd 174 So.2d 393 (Fla. 1965); M.A. Kite Co. v. Samford, 130 So.2d 99 (Fla. 1st DCA 1961); Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966); B & F of Clearwater, Inc. v. Wesley Construction Co., 237 So.2d 790 (Fla. 2d DCA 1970); First International Realty Investment Corp. v. Cochran, 314 So.2d 214 (Fla. 3d DCA 1975).
The defendant has the burden of pleading and proving that the venue is improper in a lawsuit, assuming that the plaintiff's complaint does not affirmatively show that the venue is lacking. This burden can only be satisfied by pleading and proving facts before the trial court which will defeat the venue as laid. Permenter v. Bank of Green Cove Springs, 136 So.2d 377 (Fla. 1st DCA 1962); Florida Forms, Inc., v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla. 4th DCA 1975).
In the instant case, it is clear that the plaintiff's complaint fails to affirmatively reveal any venue defects. The complaint alleges a breach of a contract debt committed by the contract debtor wherein the parties did not expressly agree on a place of payment. Under the law, it is implied that payment was to be made in Dade County where the plaintiff-creditor resides. Venue may therefore be laid in Dade County since the cause of action accrued there when the debtor-defendant allegedly defaulted on the contract payments.
The defendant did not sustain his burden of proof to establish that the venue herein was improperly laid. He merely pled in his unsworn motion to dismiss that payments under the contract were paid to a realtor in Palm Beach County. That allegation, however, was never established by sworn proof before the trial court. Moreover, the plaintiff contends on appeal that the first and only such payment was made to the realtor in Palm Beach County as a convenience to facilitate a deduction of the real estate broker's fee before remitting the balance to the plaintiff in Dade County. In our view, such action would not have shown *953 an intent by the parties that all future payments be made in this manner since the real estate broker's commission would have already been paid. We need not, however, reach this question since the entire matter was never established by sworn proof before the trial court. We only conclude that on this state of the record venue was properly laid in Dade County.
The order dismissing the plaintiff's complaint and transferring the venue of this cause to Palm Beach County is reversed and the cause remanded for proceedings consistent with this opinion.
Reversed and remanded.