353 So.2d 878 (1977)
MACASPHALT CORPORATION, Appellant,
v.
GENERAL DEVELOPMENT CORPORATION, Appellee.
No. 77-1428.
District Court of Appeal of Florida, Third District.
December 20, 1977.
Rehearing Denied January 23, 1978.
Holland & Knight and John W. Frost II, Bartow, for appellant.
Fleming & Neuman and Joseph Z. Fleming, Miami, for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
Macasphalt Corporation, a Delaware corporation doing business in Florida, defendant in an action against it in the Circuit Court of Dade County filed by the appellee General Development Corporation (GDC hereinafter) has appealed from an order denying its motion challenging venue. We find error, and reverse.
Pursuant to contracts between the parties covering a period of years, for the appellant to "lay" asphalt for GDC in certain locations in Florida with the cost of the material supplied and applied by appellant to be paid for to the appellant by GDC, the work was performed by appellant and was paid for by GDC. The amount for which appellant billed GDC, and which was paid, included approximately $338,000.00 which was the amount of the 4% Florida Sales Tax on the materials thus supplied and used.
*879 This action filed in Dade County by GDC against the appellant was to recover said sum. In a first count it was alleged collection of the sum from it by the appellant was a breach of contract. The second count sought recovery on the ground that under Ch. 212, Florida Statutes (1975) the obligation to pay such tax was on the appellant as the seller of the materials. By a third count GDC sought to impose a constructive trust for said amount upon the assets of the appellant.
With regard to venue of actions against a foreign corporation doing business in Florida, Section 47.051, Florida Statutes (1975) provides:
"* * * Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located."
The motion of the defendant-appellant challenging the venue in Dade County and the supporting affidavit of its president showed the appellant corporation maintained an office in Polk County where its books, records and bank account were located, and also had a branch office in Highlands County, and that it had not had and did not have any agent in Dade County. It was further disclosed that the cause of action did not accrue in Dade County. The alleged breach of contract by the appellant, if it occurred, was not in Dade County but was in Polk County. See: Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966). As an action for alleged overpayment by GDC to appellant, the payment was made in Polk County, making that the County in which the cause of action accrued. As to the count seeking to impose a constructive trust on the assets of the appellant corporation, the property to be affected thereby was not located in Dade County. The contention of GDC that the fact that GDC maintains its principal office and place of business and records in Dade County makes venue proper in Dade County, is without merit according to the cited statute.
For the reasons stated we hold the ruling of the court that venue was properly laid in Dade County was in error. The order appealed from is reversed, and the cause is remanded with direction to enter an order for transfer of the action to the circuit court of such one of the two counties in which the defendant-appellant maintains an office which the plaintiff-appellee may select, as provided for by Fla. R. Civ. P. 1.060(b).
It is so ordered.