365 So.2d 442 (1978)
AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant,
v.
ALLIED GENERAL CONTRACTORS, INC., a Florida Corporation, Appellee.
No. 78-1090.
District Court of Appeal of Florida, Third District.
December 19, 1978.
*443 Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger and Larry L. Cook, Miami, for appellant.
Shutts & Bowen and Karl V. Hart and Arnold L. Berman, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
PER CURIAM.
American Fidelity Fire Insurance Company, plaintiff in the trial court, appeals an order transferring this cause pursuant to Section 47.051, Florida Statutes (1975) from Dade to Pinellas County where the defendant, Allied General Contractors, Inc., maintains its principal place of business.
Allied General Contractors, Inc., as general contractor, entered into a contract with the Florida State Elks Association for the construction of a hospital in Lake County. Allied subcontracted with Groover Electrical Company, Inc. to furnish and install all electrical work. American Fidelity Fire Insurance Company,[1] as surety, issued a subcontractor's bond naming Groover as principal and Allied as obligee. Subsequently, Groover defaulted on the subcontract. Allied timely notified American of the default and requested that American fund Groover's completion of the project. American agreed and Allied then submitted invoices to American through its general agent, Bond Market Corporation, in Dade County. Pursuant to these invoices American paid to Allied $101,786.22 and Allied paid American $15,000,[2] the remaining contract funds due Groover. Thereafter, American made demand upon Allied to reimburse it for certain payments (in excess of $40,000) made on behalf of Groover. Allied refused and American filed the instant suit in Dade County against Allied for restitution, negligence, and breach of contract. Allied filed a motion to dismiss the complaint for improper *444 venue and argued that Section 47.051, Florida Statutes (1975)[3] required that it be sued in Pinellas County where its offices for the transaction of business are maintained. After a hearing, the trial court treated the motion to dismiss as one to transfer under Fla.R.Civ.P. 1.060 and thereupon entered an order transferring the cause to Pinellas County which reads in pertinent part:
* * * * * *
"ORDERED AND ADJUDGED:
"1. The Defendant, Allied General Contractors, Inc. is a Florida corporation with its principal place of business in St. Petersburg, Pinellas County, Florida.
"2. The Defendant, Allied General Contractors, Inc. pursuant to Section 47.051, Florida Statutes, should be sued in the county in which such corporation has and usually keeps an office for transaction of its customary business (Pinellas County) absent a showing of circumstances permitting the Plaintiff to sue such Defendant in a place other than Pinellas County, Florida (e.g. a debtor-creditor relationship, which might permit Plaintiff to sue for monies due, in the county in which Plaintiff resides). There has been no such showing here."
* * * * * *
American appeals and basically contends that the circumstances demonstrate the existence of a debtor-creditor relationship which under the holding in M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961) permits it to bring the suit in Dade County where its general agent's place of business is located. Inasmuch as Allied maintains no offices for the transaction of business in Dade County and there is no property in litigation, the determinative question is whether the circumstances illustrate that the cause of action accrued in Dade County.
American argues that all demands for payment by Allied were made from Dade County and the monies paid to it by Allied were paid to its attorneys in Dade County; therefore, these transactions which gave rise to the debtor-creditor relationship between the parties required the payments be made in Dade County. American then cites to the following holding in M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99, 101 (Fla. 1st DCA 1961) as authority in support of its argument that venue is properly laid in Dade County:
* * * * * *
"... where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach."
* * * * * *
Nevertheless, American's position is sustainable only if, in fact, a debtor-creditor relationship exists between defendant Allied and plaintiff American and the promise sued on is for the payment of money. James A. Knowles, Inc. v. Imperial Lumber Company, 238 So.2d 487, 489 (Fla. 2d DCA 1970). Critical for determination of proper venue is the place where the contract calls for performance and in the debtor-creditor relationship payment of the debt is the performance, the place of which is the residence of the payee (i.e. the place of payment). James A. Knowles, Inc., supra.
*445 After an examination of the record in the case sub judice, we find no debtor-creditor relationship. The gravamen of American's complaint is the failure of Allied to perform in accordance with the terms of the subcontract and the bond. The instant cause not being on a promise to pay monies owed, unpaid and payable, but rather a suit for breach of contract and for a tort to recover unliquidated damages, we find no error in the entry of the order transferring the action to Pinellas County. Cf. James A. Knowles, Inc., supra, and American Intern. Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978).
Affirmed.
NOTES
[1] a New York corporation
[2] to be placed in trust for claimants
[3] "47.051 Actions against corporations

"Actions against domestic corporations shall be brought only in the county or district where such corporation has or usually keeps an office for transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located ..."