PER CURIAM.
This is an appeal from an order denying a motion to abate for improper venue. We reverse.
The parties contracted for the sale of a boat owned by Goodwin. The Figueroas, as prospective purchasers, were required to deposit $4,000. When the Figueroas, alleging they were unable to obtain financing and thus complete the agreement, requested return of the deposit, Goodwin refused, claiming the deposit constituted liquidated damages. The Figueroas filed suit in Dade County Circuit Court claiming that financing was an agreed condition precedent to the contract and that Goodwin was being unjustly enriched by retaining the deposit. Goodwin timely filed a motion to abate the action, claiming improper venue. His affidavit in support of the motion to abate stated that he was a resident of Lee County; the contract was entered in Lee County; and any acts performed by him were to be performed in Lee County. After a hearing, the trial court denied the motion, and Goodwin instituted this appeal.
The Figueroas, as plaintiffs, had the right to select the venue, Houston v. Caldwell, 359 So.2d 858, 860 n. 3 (Fla.1978), but that selection is limited by Section 47.011, Florida Statutes (1979), to the county where (1) the defendant resides; (2) the cause of action accrued; or (3) the property in litigation is located. Since it is undisputed that Goodwin, the defendant, resides in Lee County and there is no property[1] involved in the litigation, venue is proper in Dade County only if the plaintiffs’ cause of action accrued there. See Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966).
The cause of action, if any, accrued in Lee County. In Macasphalt Corporation v. General Development Corporation, 353 So.2d 878 (Fla.3d DCA 1978), we held that where the defendant is alleged to be illegally retaining an overpayment, the cause of action accrues in the county where the alleged overpayment is made. The Figuer-oas, as plaintiffs, alleged that Goodwin was being unjustly enriched by his retention of the deposit in Lee County. The act of breach or default by Goodwin occurred in Lee County, thus making venue in Dade County improper. Mendez v. George Hunt, Inc., supra.[2]
Reversed and remanded for proceedings consistent with this opinion.

. Even if the $4,000 deposit in litigation is, for venue purposes, considered personal property, the “property” is in Lee County.

. As the court in Mendez v. George Hunt, Inc., supra, noted, normally where the cause of action involves the demand for the payment of money and no place of payment is stipulated, as is the case here, the default consists of the failure to pay the money, and the cause of action accrues where the creditor resides. U. S. H. Properties Corporation v. Intercoastal Investments, Inc., 331 So.2d 385 (Fla.2d DCA 1976). Since the “creditors,” here the Figueroas, reside in Dade County, it would appear at first blush that venue would be proper in Dade County. It is not, for two reasons: (1) that is not the theory alleged by the plaintiffs, and where the cause of action may accrue in different counties, the nature of the breach is determined by the claimant’s theory, Mendez v. George Hunt, Inc., supra; and (2) Goodwin’s uncontradicted (in this record) affidavit states that any acts he was to perform were to be performed in Lee County.