469 So.2d 936 (1985)
EARL W. SHOMBER & CO., INC., Appellant,
v.
FLORIDA CASINO ASSOCIATES, INC., Appellee.
No. 85-97.
District Court of Appeal of Florida, Third District.
May 28, 1985.
Murphy & Clark and Ronald Clark, Lakeland, for appellant.
Joel I. Keiler, Miami, for appellee.
Before HENDRY and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
Earl W. Shomber & Co., Inc. [Shomber], the defendant in a breach of contract action involving an escrow agreement, appeals a non-final order denying its motion for change of venue to Polk County, Florida. We have jurisdiction to entertain this appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R. App.P. 9.130(a)(3)(A).
Without dispute, the defendant Shomber has no office in Dade County for the transaction of its customary business, its principal place of business being located in Polk *937 County, Florida. It is also undisputed that the property involved in this litigation, the escrowed funds, is located in Polk County, not Dade County, Florida. Under Section 47.051, Florida Statutes (1983), then, the venue was properly laid in Dade County only if the cause of action sued on "accrued" in Dade County, Florida. The instant suit is an action for breach of an escrow agreement wherein it is alleged that the defendant Shomber, located in Polk County, refused to transfer certain escrowed funds, upon demand, to the plaintiff Florida Casino Associates, Inc. [Florida Casino] which is located in Dade County, Florida.
A suit for breach of an escrow agreement, as here, is not a suit to enforce payment on a debt because an escrow agreement does not create a debtor-creditor relationship. Tomasello v. Murphy, 100 Fla. 132, 137-38, 129 So. 328, 330 (1930). This being so, the special venue rules pertaining to suits to enforce payment on a debt are inapplicable here. See, e.g., Baruch v. W.B. Haggerty, Inc., 137 Fla. 799, 188 So. 797 (1939); Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Crescent Beach, Inc. v. Jarvis, 435 So.2d 396 (Fla. 5th DCA 1983); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977); First International Realty Investment Corp. v. Cochran, 314 So.2d 214 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 15 (Fla. 1976). These rules are "only applicable when a debtor-creditor relationship exists between defendant and plaintiff and the promise sued on is for the payment of money." James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487, 489 (Fla. 2d DCA 1970) (emphasis in original) (footnote omitted). It is therefore clear that the action herein did not "accrue" in Dade County, Florida, as would be true in the case of an action to enforce payment on a debt, because the instant suit does not constitute such an action.
The gist of the cause of action sued upon is that the defendant Shomber wrongfully withheld and refused to transfer certain escrowed funds to the plaintiff Florida Casino in violation of the subject escrow agreement. If the defendant Shomber committed these wrongful acts, they were, without dispute, committed in Polk County, Florida, where the escrow funds are located. This being so, the breach of contract action sued upon "accrued" in Polk County, not Dade County, Florida, under Section 47.051, Florida Statutes (1983). Goodwin v. Figueroa, 407 So.2d 1055, 1056 (Fla. 3d DCA 1981); American Fidelity Fire Insurance Co. v. Allied General Contractors, Inc., 365 So.2d 442, 444 (Fla. 3d DCA 1978); Macasphalt Corp. v. General Development Corp., 353 So.2d 878, 879 (Fla. 3d DCA 1977); James A. Knowles, Inc. v. Imperial Lumber Co., supra.
The order appealed from is reversed and the cause is remanded to the trial court with directions to transfer the venue of this cause to Polk County, Florida.
Reversed and remanded.