PER CURIAM.
Hofmann Pauley & Associates, Inc. (HP & A) appeals from an order denying its motion to transfer venue from Dade County to Seminole County. We reverse.
Garces, a resident of Dade County, was employed by HP & A as a sales representative for the Dade County area pursuant to an employment contract. HP & A, a Florida corporation, has its principal place of business in Seminole County. When HP & A terminated the contract prior to its expiration date, Garces filed suit in the Circuit Court of Dade County claiming breach of contract. HP & A moved to change the venue to Seminole County.
In an action against a Florida corporation, venue is proper in the county where the cause of action accrued or where, the corporation has an office for transacting business. § 47.051, Fla.Stat. (1985). Since HP & A’s sole business office is in Seminole County and the cause of action for breach of contract accrued in Seminole County, the place where the contract was repudiated, venue is proper only in Seminole County. See Mendez v. George Hunt, Inc., 191 So.2d 480 (Fla. 4th DCA 1966). Although Garces included a claim for monies owed in one of the paragraphs of her one-count complaint, that claim is not the gravamen of the complaint and is, therefore, not determinative of the proper venue. See Earl W. Shomber & Co. v. Florida Casino Assoc., 469 So.2d 936 (Fla. 3d DCA 1985) (failure to transfer funds pursuant to an escrow agreement constitutes a breach of contract; no debtor/creditor relationship created for purpose of determining venue); American Fidelity Fire Ins. Co. v. Allied Gen. Contractors, Inc., 365 So.2d 442 (Fla. 3d DCA 1978) (no debtor/creditor relationship created where construction contract repudiated prior to completion and full payment was received for all work performed to date; action for breach of contract rather than for failure to pay monies owed).
Accordingly, we reverse the trial court’s order and remand this cause with instructions to grant the change of venue.