534 So.2d 928 (1988)
BORKSON, SIMON & MOSKOWITZ, P.A., a Professional Association, Appellant,
v.
Walter TROUTMAN, Appellee.
No. 88-0730.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
Monica I. Salis of Borkson, Simon & Moskowitz, P.A., Fort Lauderdale, for appellant.
David M. Goldstein, North Miami, for appellee.
DOWNEY, Judge.
Appellant, Borkson, Simon & Moskowitz (Borkson), a law firm located in Broward County, Florida, appeals from a non-final order granting appellee, Walter Troutman's (Troutman) motion for change of venue.
Borkson sued its erstwhile client, Troutman, in Broward County in a three-count complaint, for breach of contract, account stated, and on an open account arising out of legal services performed and furnished to Troutman. The complaint alleged that Troutman retained Borkson in Broward County to represent him in a legal dispute, which resulted in a lawsuit filed in Dade County; that Borkson is a professional association maintaining its principal place of business in Fort Lauderdale, Florida, and Troutman is a resident of Dade County, Florida; that plaintiff agreed to and did perform services in Broward County and Troutman has failed to pay therefor.
Troutman files an unsworn motion for a change of venue on the grounds that he is a resident of Dade County and all the work allegedly performed "took place for matters in Dade County." Borkson then filed an "Affidavit in Opposition to Defendant's *929 Motion for Change of Venue," stating that the overwhelming majority of the services rendered to Troutman took place in Broward County; and that all of the monies due Borkson from Troutman were to be paid at Borkson's offices in Broward County. After a hearing on said motion, the trial court entered the order being appealed, granting the change of venue. Borkson contends on appeal that the order is erroneous because 1) Troutman failed to carry the burden of proof to show venue was improper in Broward County, and 2) venue was proper in Broward County.
The law is quite clear in Florida that the choice of venue in the first instance lies with the plaintiff and, assuming the complaint does not show on its face that venue is lacking, the burden of proof is on the defendant to demonstrate that the venue chosen is improper. Magee v. Liberty Mutual Co., 366 So.2d 827 (Fla. 4th DCA 1979); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977). The only sworn proof before the trial court is Borkson's affidavit in which he states essentially that the contract of employment was entered into in Broward County, that payment for the services was to be made at Borkson's office in Broward County, and that most of the services were rendered in Broward County. The only pleading opposing the affidavit is Troutman's unsworn motion to change the venue. Troutman refers in his brief to "specific averments" made by him in his oral argument before the trial judge and a memorandum of law filed in support of his position. These references are not evidence or proof and, thus, do not counteract Borkson's sworn proof.
Aside from Troutman's failure to carry the burden of proof required of him, the case is controlled by numerous holdings that, in a contract action, venue lies where the contract sum is payable and, if the place of payment is not expressly agreed upon, payment is to be made where the creditor resides. Davis v. Dempsey, supra. The debtor must seek out the creditor for payment. As the court said in Schecter v. Fishman, 525 So.2d 502, 503 (Fla. 5th DCA 1988):
[w]here a cause of action is based on a failure to pay money due under the contract, the county where the payment was agreed to be made is where the breach of contract occurs and the cause of action on the contractual obligation accrues. Where the contract does not expressly provide a place of payment, it is implied that the debtor must seek the creditor and that payment is to be made in the county where the payee resides.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
WALDEN and GUNTHER, JJ., concur.