594 So.2d 845 (1992)
William M. RYAN, Appellant,
v.
MOBILE COMMUNICATIONS ENTERPRISES, INC., Appellee.
No. 91-01447.
District Court of Appeal of Florida, Second District.
February 28, 1992.
Bonita L. Kneeland and W. Donald Cox of Fowler, White, Gillen, Boggs, Villaeal & Banker, P.A., Tampa, for appellant.
Sari Lynn Reegler of Reegler & Torneses, Venice, for appellee.
FRANK, Judge.
In July of 1990 plaintiff Mobile Communications Enterprises, Inc. (MCE) sued defendant William M. Ryan in Sarasota County for breach of a contract for management services, alleging that Ryan had orally repudiated the contract and had failed to pay sums due under the contract. Ryan, a resident of Brevard County, moved for a change of venue. MCE, however, contended that venue was proper in Sarasota County, the site where services were to be performed under the contract. The judge denied the motion to change venue, and Ryan appealed. We reverse.
Section 47.011, Florida Statutes (1989), provides for three permissible venues in an action against a Florida resident: the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. The parties agree that this litigation does not concern property, and the plaintiff has never contested Ryan's assertion that he resides in Brevard County. Therefore, only if the cause of action accrued in Sarasota County would venue be proper there.
The gist of the complaint is that MCE had been engaged to manage or sell Ryan's interest in the Sarasota County Cellular Telephone franchise, including constructing facilities for operation of the franchise. MCE alleged that it performed all services the contract required, but Ryan orally repudiated the contract and did not fulfill his obligation to pay amounts owing to MCE. MCE's theory behind its choice of venue in Sarasota County, then, is the rule that a cause of action on a service contract accrues where the services are to be performed. St. Laurent v. Resort Marketing Associates, Inc., 399 So.2d 362 (Fla. 2d DCA 1981); Thomas Hardell & Associates, Inc. v. Nabers & Crane, 382 So.2d 439 (Fla. 2d DCA 1980); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970).
*846 Although MCE is correct to characterize the underlying contract as one for services, the important consideration for venue purposes is the behavior or events causing the breach of the contract and thus accrual of the cause of action. MCE allegedly performed as agreed; Ryan, however, repudiated the contract and did not pay money owed. Thus, the breach was not of MCE's covenant to perform services but of Ryan's covenant to pay for those services. The following language from Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981), is helpful:
A cause of action for venue purposes accrues in the county where the contract is breached. Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979). If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues where performance of the act of payment was to occur. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961). If the action is for breach of some other covenant, venue is proper in the county where that covenant was to be performed. American International Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978).
Because the complaint alleges that Ryan breached his covenant to pay money due, the cause of action would accrue where the act of payment was to occur. The only provision in this contract that could arguably subsume the place where payment was to occur is that providing for notices and communications to be mailed to MCE in Lakewood, New Jersey. Otherwise, the rule is that when a written contract fails to specify the place where payments are to be made, a cause of action for failure to pay is properly brought in the county where the plaintiff has its principal place of business. See, e.g., First International Realty Investment Corp. v. Cochran, 314 So.2d 214 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 15 (Fla. 1976). Again, in this instance that place would be Lakewood, New Jersey.
The cause of action for Ryan's breach of his duty to pay MCE cannot be said to have accrued in Florida. Thus, the only proper venue in Florida is the place of the defendant's residence  Brevard County.
Accordingly, we reverse the order denying the motion for change of venue and remand with the direction that the trial court enter an order transferring this cause to Brevard County.
LEHAN, A.C.J., and PATTERSON, J., concur.