PER CURIAM.
Maurice Gelina & Associates, Inc. (MGA), whose principal place of business is in Dade County, initiated the underlying suit against Advanced Promotion Technologies, Inc. (APT) and Modular Computer Systems (MODCOMP) seeking damages arising out of an alleged brokerage agreement, asserting four causes of action against APT and MOD-COMP, including MODCOMP’s breach of an express and implied contract for a broker’s commission, APT and MODCOMP’s fraudulent deprivation of MGA’s broker’s commission, and APT’s tortious interference with the purported brokerage contract.
APT moved to transfer venue to Broward County. At the time of hearing, the only items of record were MGA’s complaint and APT’s motion to transfer. After the hearing, MGA submitted an affidavit in opposition to APT’s venue motion. The court granted APT’s motion to transfer venue. MGA then moved for rehearing, which the lower court denied. We affirm.
The principles of venue law are well settled. A lawsuit may be brought in any county where the cause of action accrued and, if several causes of action are involved, in any county where anyone of the causes of action arose. §§ 47.011, 47.041, Fla.Stat. (1993). In an action on a contract for the payment of money, where the contract debt- or has defaulted on payments thereunder, the action accrues in the county where payment was agreed to be made. Further, as stated in Davis v. Dempsey, 343 So.2d 950, *1061 952 (Fla. 3d DCA 1977) and relied upon by appellants, “If no place of payment has been expressly agreed upon, it will be implied that payment was to be made in the county where the contract creditor resides.” Id. See Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934).
Citing Davis v. Dempsey, MGA argues that having failed to allege where payment was to be made, it must be inferred that payment was to be made in Dade County, since the complaint clearly alleges that Dade County was the broker’s principal place of business. Appellant’s reliance in the instant case upon Davis v. Dempsey and cases cited therein, however, is misplaced because the instant complaint specifically provided all allegations occurred in Broward County and those allegations included the failure to pay. MGA’s complaint alleged in part:
31. MODCOMP’s failure to pay any of the commissions on the rental constitutes a breach of contract.
[[Image here]]
37. MODCOMP breached the aforesaid implied contract by refusing to pay any such commission.
Also, and significantly:
5. All material allegations alleged herein occurred in Broward County, Florida.
Thus, the general rule of Davis v. Dempsey could not be used to support the choice of venue in Dade County. Plaintiffs complaint affirmatively demonstrated that venue in Dade County was lacking. See Davis v. Dempsey, 343 So.2d at 952; see also Borkson, Simon & Moskowitz, P.A. v. Troutman, 534 So.2d 928 (Fla. 4th DCA 1988); Magee v. Liberty Mut. Ins. Co., 366 So.2d 827 (Fla. 4th DCA 1979). MGA’s affidavit submitted subsequent to hearing could not change this result. Thus, we find no error in the change in venue ordered.
Accordingly, the order under review is affirmed.
NESBITT and LEVY, JJ., concur.