669 So.2d 342 (1996)
SUNSHINE YACHT SALES, INC., a Florida Corporation, Appellant,
v.
BOB ANSLOW YACHT SALES, INC., a Florida Corporation; Robert Anslow, Individually; Maria Detzer, Individually and Henry Viau, Individually, Appellees.
No. 95-1790.
District Court of Appeal of Florida, Third District.
March 13, 1996.
*343 Gustavo Gutierrez, Miami, for appellant.
Moriarty & Grunor and Sylvia A. Grunor, Orlando; Henry T. Swann, III, St. Augustine, for appellees.
Robert Anslow, in proper person.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
COPE, Judge.
Sunshine Yacht Sales, Inc. appeals an order transferring venue on the ground that venue is improper in Dade County. We reverse.

I.
Sunshine Yacht filed suit against appellee Maria Detzer alleging in Count III that Detzer had breached an exclusive listing agreement for the sale of her yacht. The other counts of the complaint alleged that the other appellees, Bob Anslow Yacht Sales, Inc., Robert Anslow, and Henry Viau, had tortiously interfered with Sunshine's yacht brokerage contract, and defrauded Sunshine Yacht of part of its commission.
The parties moved to dismiss or transfer venue, contending that there was no basis for jurisdiction in Dade County. The trial court granted the motion and this appeal follows.
It is well settled that where a complaint contains multiple causes of action, venue is proper where any one of the causes of action arose. § 47.041, Fla.Stat. (1993); Maurice Gelina and Associates, Inc. v. Modular Computer Systems, Inc., 639 So.2d 1060 (Fla. 3d DCA 1994).
In this case there are four counts. Count III is for breach of contract against Detzer individually. Sunshine Yacht alleges that it fully performed its obligations under a yacht brokerage contract, and that "Defendant, Detzer, breached the contract by failing to pay Plaintiff, Sunshine Yachts, the full commission due under their contract." Plaintiff demands compensatory damages, namely, the sum due under the contract.
Writing in the context of a brokerage agreement, this court has said:
The principles of venue law are well settled.... In an action on a contract for the payment of money, where the contract debtor has defaulted on payments thereunder, the action accrues in the county where payment was agreed to be made. Further, as stated in Davis v. Dempsey, 343 So.2d 950, 952 (Fla. 3d DCA 1977) and relied upon by appellants, "If no place of payment has been expressly agreed upon, it will be implied that payment was to be made in the county where the contract creditor resides." Id. See Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934).
Maurice Gelina and Associates, Inc. v. Modular Computer Systems, Inc., 639 So.2d at 1060-61 (emphasis added); see also Frankel Group, Inc. v. BA Mortgage and International Realty, Inc., 480 So.2d 230, 231 (Fla. 2d DCA 1985) (brokerage agreement); Carter Realty Company v. Roper Bros. Land Co., 461 So.2d 1029, 1030-31 (Fla. 5th DCA 1985) (brokerage agreement); First International Realty Investment Corporation, 314 So.2d 214, 215 (Fla. 3d DCA 1975) (brokerage agreement), cert. denied, 330 So.2d 15 (Fla.1976).
As explained by Judge Frank in Ryan v. Mobile Communications Enterprises, Inc., 594 So.2d 845 (Fla. 2d DCA 1992):
Although [appellee] MCE is correct to characterize the underlying contract as one for services, the important consideration for venue purposes is the behavior or events causing the breach of the contract and thus accrual of the cause of action. MCE allegedly performed as agreed; Ryan, however, repudiated the contract and did not pay money owed. Thus, the breach was not of MCE's covenant to perform services but of Ryan's covenant to pay for those services. The following language from Windsor v. Migliaccio, 399 So.2d 65, 66 (Fla. 5th DCA 1981), is helpful:
A cause of action for venue purposes accrues in the county where the contract is breached. Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979). If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues *344 where performance of the act of payment was to occur. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961). If the action is for breach of some other covenant, venue is proper in the county where that covenant was to be performed. American International Food Corp. v. Lesko, 358 So.2d 250 (Fla. 4th DCA 1978).
Because the complaint alleges that Ryan breached his covenant to pay money due, the cause of action would accrue where the act of payment was to occur.... [T]he rule is that when a written contract fails to specify the place where payments are to be made, a cause of action for failure to pay is properly brought in the county where the plaintiff has its principal place of business.
594 So.2d at 846 (citations omitted).
Here, Count III of the complaint alleges that defendant Detzer breached the contract by failing to pay plaintiff the amount it was owed. Since the contract did not provide for a place of payment, the money was to be paid to plaintiff at its office in Dade County. Maurice Gelina and Associates, Inc. v. Modular Computer Systems, Inc., 639 So.2d at 1060-61. Venue is therefore proper in Dade County.
The cases relied on by appellees are inapposite. In Brodesser v. Seven Joy Investments, Ltd., 606 So.2d 1274 (Fla. 3d DCA 1992), the plaintiff was the buyer, and the defendant the seller, of a yacht in Palm Beach County, Florida. The buyer sued the seller for breach of the seller's obligations under the contract; it was not a suit by a seller, or a broker, to collect a sum due. In Goodwin v. Figueroa, 407 So.2d 1055 (Fla. 3d DCA 1981), a Lee County seller refused to return a deposit on a boat paid by a Dade County buyer. This court concluded that on the facts and legal theory there presented, venue was proper in Lee County, where the deposit was held. Id. at 1056 & n. 2; see also Earl W. Shomber & Co. v. Florida Casino Associates, Inc., 469 So.2d 936, 937 (Fla. 3d DCA 1985) (in suit for disbursement of escrow funds, venue is proper where escrow funds are located). The present case does not involve suit for return of a deposit or an escrow, but instead is a suit for money due under a contract. The Goodwin case expressly acknowledges that where, as here, the suit is for money due under a contract, venue is proper where payment was due, Dade County. See Goodwin, 407 So.2d at 1056 n. 2.

II.
We must respectfully disagree with the factual analysis of the dissent. In this case Detzer signed an exclusive listing agreement with plaintiff Sunshine Yacht in which she agreed to pay it a 10% commission for procuring a buyer. The complaint then states:
9. Between the dates of the CONTRACT and September 17, 1994, SUNSHINE YACHTS undertook to advertise the vessel and to promote its sale pursuant to the terms of the CONTRACT.
10. Between the date of the CONTRACT and September 17, 1994, SUNSHINE YACHTS presented the vessel for sale to Defendant VIAU. Defendant VIAU indicated a strong desire to purchase the vessel.
11. On or about September 17, 1994, Defendant BOB ANSLOW YACHT SALES, INC. through Defendant ANSLOW individually, contacted Plaintiff and informed Plaintiff that Defendant BOB ANSLOW YACHT SALES, INC., had an interested party for the purchase of the YACHT. Defendants BOB ANSLOW YACHT SALES, INC. and ANSLOW misrepresented the true identity of the proposed purchaser in the following manner:
a. by deleting the name of the purchaser from the purchase and sale contract so that Plaintiff would not recognize the name of Defendant VIAU, (a copy of the purchase and sale contract is attached hereto as Exhibit "B" to the complaint).
b. by providing a copy of a check from an individual known as Evelyn Miller purporting to be the purchaser of the YACHT.
c. by having the purchaser sign his name in such a way as to be totally illegible and thereby preventing Plaintiff *345 from ascertaining the true identity of the purchaser being VIAU.
12. At all times material hereto, Plaintiff was the procuring cause of the sale and had acted as the listing and procuring broker. Defendants VIAU, BOB ANSLOW YACHT SALES, INC. and ANSLOW conspired to defeat Plaintiff's entitlement to the full commission pursuant to the terms of the CONTRACT by misrepresenting and hiding the true identity of the purchaser until after the contract for sale and purchase had been executed by both Buyer and Seller.
13. On or about September 27, 1994, Plaintiff learned that the true identity of the purchaser was VIAU and immediately contacted ANSLOW, DETZER, and BOB ANSLOW YACHT SALES, INC. to advise all the parties that Plaintiff was claiming its entitlement to the full commission.

14. Notwithstanding the fact that all the parties were informed of Plaintiff's entitlement to the full commission, the closing on the purchase of the YACHT took place on October 18, 1994.

15. Rather than receiving the full commission, Plaintiff only received the sum of $8,500.00 representing 30% of the commission at the time of closing.

16. Upon information and belief, Defendant BOB ANSLOW YACHT SALES, INC. rebated all or a portion of its commission to Defendant VIAU.
17. SUNSHINE YACHTS as brokers, were responsible for procuring VIAU as the purchaser of the YACHT and despite being excluded from the negotiations, acted as broker for arranging the sale of THE YACHT and was in all material respects the procuring cause of VIAU's purchase of THE YACHT.
(Emphasis added).
As alleged, plaintiff Sunshine advised Detzer of its claim to the full commission prior to closing. Notwithstanding that notification, at closing Detzer only paid Sunshine Yacht 30% of the contract amount. Sunshine has pled a proper cause of action for breach of the contract by Detzer's failure to pay the full contract amount. As a matter of law, the payment was required to be made in Dade County, under the controlling and indistinguishable brokerage cases cited in part I. Venue is proper in Dade County.
The order under review is reversed.
GREEN, Judge.
I respectfully dissent.
Sunshine Yacht, the plaintiff below, is a Florida yacht brokerage firm whose principal place of business is located in Dade County. All of the appellees are residents of Florida counties other than Dade. Sunshine Yacht filed a four count complaint in Dade County. Appellees Bob Anslow Yacht Sales, Inc. ("Yacht Sales"), Robert Anslow individually and Henry Viau were sued for tortious interference with a contract, fraud and unjust enrichment. Appellee Maria Detzer was sued for breach of contract.
According to the allegations of the complaint, Detzer gave Sunshine Yacht an exclusive listing agreement for the sale of her yacht. There was no venue clause contained in this agreement. It was undisputed below that the contract was executed in Brevard County where the yacht was anchored. Sunshine Yacht alleged that it marketed the yacht as required by the contract and that Viau expressed a strong desire to purchase it. The complaint further alleged that Sunshine Yacht was then contacted by Yacht Sales, another yacht brokerage firm, through Anslow, who said that Yacht Sales had an interested buyer for the yacht. Sunshine Yacht claimed that Yacht Sales concealed the identity of the purchaser, who turned out to be Viau.[1] Sunshine Yacht complained that it was denied its full brokerage commission because Anslow, Yacht Sales and Viau surreptitiously engaged in direct negotiations *346 with Detzer for the purchase of the yacht.[2] Specifically, Sunshine Yacht alleged that when the yacht was sold, it received only thirty percent of the commission due under the contract and Yacht Sales received the balance of the commission.[3] Sunshine Yacht further alleged that Yacht Sales and Anslow rebated their portion of the commission to Viau.
The appellees moved to dismiss and/or transfer the complaint for improper venue and filed sworn supporting affidavits. Significantly, Sunshine Yacht did not file any counteraffidavits or other sworn proof to rebut the allegations of venue. The trial court granted appellees' motions and ordered this cause to be transferred to Brevard County, Pinellas County or Hillsborough County.[4]
In this appeal, Sunshine Yacht argues that the trial court erred because the complaint contains, among other things, a count for breach of contract for the nonpayment of money and under Section 47.011, Florida Statutes (1993),[5] Dade County is where this cause of action accrued for venue purposes. Sunshine Yacht argues that in an action for breach of contract based on the nonpayment of money, the cause of action accrues, for venue purposes, in the county where payment was to be made (i.e. where the payee resides or has an established place of business), absent a stipulation to the contrary. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Ryan v. Mobile Communications Enters., Inc., 594 So.2d 845 (Fla. 2d DCA 1992); M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961).
As I view this complaint, the cause of action arose in the context of a contract with which Ms. Detzer complied. According to the pleadings, she paid the full commission on the sale of the yacht, as she was required to do by the contract. Sunshine Yacht's complaint is only that Ms. Detzer did not pay it 100% of the commission due on the sale, not that she did not pay the commission.[6]
The true gravamen of the complaint is that appellees Robert Anslow, Bob Anslow Yacht Sales and Viau unlawfully interfered with Sunshine Yacht's brokerage of this yacht on behalf of Detzer and thereby prevented Sunshine Yacht from obtaining the full commission to which it believed it was entitled. Thus, this case is not simply for the nonpayment of money owing and due. Rather, it will first require a determination of whether the alleged unlawful activities of Bob Anslow Yacht Sales, Robert Anslow and/or Henry Viau in fact served to defraud Sunshine Yacht of its full commission on the sale of the yacht. If a jury determines that Yacht Sales, Anslow or Viau in fact defrauded Sunshine Yacht, any damages will be imposed on them. If a jury finds that those parties were unjustly enriched by receiving the larger percentage of the commission, they will have to return what they unjustly obtained. Indeed, I see no reason why Ms. Detzer is involved in this action at all, other than as a pawn used by Sunshine Yacht to force trial in Dade County. That being so, this cause *347 should not be tried in Dade County but in the locale where both the injury and the last act necessary to make the appellees liable for the tort took place. Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA), rev. denied, 629 So.2d 133 (Fla.1993); Brodesser v. Seven Joy Invs., Ltd., 606 So.2d 1274 (Fla.3d DCA 1992); Tucker, 484 So.2d at 1371.
Herein, all of the events, including the payment of the full commission by Ms. Detzer, took place in a county other than Dade. In my view, therefore, the trial court correctly granted the motions to transfer the action from Dade County.
I would affirm the ruling of the trial court and transfer this cause to a county more appropriate in terms of where the cause of action accrued.
NOTES
[1] Sunshine Yacht alleged that appellees accomplished this by having a third person pay the initial deposit and by having Viau ultimately execute the purchase and sale agreement in an illegible manner so that Sunshine Yacht could not recognize the signature.
[2] There are no allegations that Ms. Detzer engaged in any tortious conduct, nor that she was unjustly enriched by the transaction.
[3] I surmise that Sunshine Yacht must have agreed to split the commission with Bob Anslow Yacht Sales before it knew the identity of the purchaser. I reach this conclusion because, even though the contract between Sunshine Yacht Sales and Ms. Detzer stated that the 10% commission would be due the broker even if a buyer was procured by another broker, Sunshine Yacht alleged in its complaint that it immediately asserted its entitlement to the full 10% commission after it learned that the purchaser was Viau.
[4] From the scant record before us we are unable to determine in which county "the last act necessary to make the defendant[s] liable for the tort took place". Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA) (citing Ebell v. Seapac Fisheries, Inc., 692 P.2d 956, 957 (Alaska 1984)), rev. denied, 494 So.2d 1153 (Fla.1986)
[5] That section provides, in pertinent part, that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla.Stat. (1993) (emphasis added).
[6] Indeed, if Ms. Detzer had impleaded the amount of the commission into the Brevard County court registry when she was confronted with Sunshine Yacht's demand that she pay it the full commission, there would be no claim against Ms. Detzer and, therefore, no way to bring this action in Dade County.