SHEVIN, Judge.
Boca Research, Inc., appeals an order denying its motion to transfer venue. We affirm.
Plaintiff Kroll Associates, Inc., a foreign corporation, [Kroll] with offices in Dade County, filed a breach of contract action against Boca Research, a Florida corporation, which maintains a Palm Beach County office. The complaint alleges that Boca Research breached its agreement with Kroll by faffing to remit payment for services rendered. Kroll filed the action in Dade County. Boca Research sought transfer of the action to Palm Beach County.
Section 47.051, Florida Statutes (1995) provides, in pertinent part, that actions against domestic corporations shall be brought in the county where defendant corporation has a business office or where the cause of action accrued. Kroll filed the suit in Dade County arguing that Dade County is where the cause of action accrued. “An action ... on a contract for payment of money, where the contract debtor has defaulted on payments thereunder, accrues in the county where payment was agreed to be made.” Davis v. Dempsey, 343 So.2d 950, 952 (Fla. 3d DCA 1977); Sunshine Yacht Sales, Inc. v. Bob Anslow Yacht Sales, Inc., 669 So.2d 342, 343 (Fla. 3d DCA 1996). The parties’ agreement, however, does not provide where payment was to be made. Under these circumstances, the debtor must seek the creditor to *420 make payment. Davis, 343 So.2d at 952. Therefore, it is implied that the payment was to be remitted in Dade County, where KrolTs office is located. Sunshine Yacht Sales, Inc., 669 So.2d at 343; Davis, 343 So.2d at 952. See generally Sinclair Fund, Inc., v. Burton, 623 So.2d 587, 588 (Fla. 4th DCA 1993)(“When a foreign corporation has an office in Florida, it is deemed to reside in the county in which the office is located for venue purposes.”). Accordingly, the cause of action accrued in Dade County, and the trial court properly denied the motion to transfer venue.
Affirmed.