NESBITT, Judge.
Friends of Lubavitch/Landow Yeshivah (Lubavitch), a not-for-profit Florida corporation, filed an amended complaint against Northern Trust Bank as personal representative of the Estate of Ralph Levitz. The charity was attempting to enforce a charitable subscription agreement for the balance of an oral pledge. Lubavitch, an organization with its principal place of business in Dade County alleged that Levitz, while still living in Dade County, pledged to the organization the sum of $100,000 of which there remains an unpaid balance of $30,000. Northern Trust filed a motion to dismiss the complaint for improper venue and failure to state a cause of action. After a hearing, the trial court transferred the case to Palm Beach County and dismissed the action, with leave to amend.
We limit our consideration to the appeal-able issue of venue. The balance of the order which granted defendant’s motion to dismiss does not constitute a final order for appellate purposes. See Allen v. Florida Dept. of Military Affairs, 576 So.2d 971 (Fla. 5th DCA 1991); Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980).
The plaintiff has the right to initially select venue. Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla.1955). Section 47.011, Florida Statutes (1995) provides in pertinent part:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
The bank argues that because Levitz resided in Palm Beach before his death, and his estate was being probated in Palm Beach, venue was proper only in that county.
The basic elements of promissory es-toppel are set forth in Restatement (Second) of Contracts, Section 90 (1979), which states:
(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.
Here, the charity’s action seeks to enforce a pledge that in turn is premised upon the doctrine of promissory estoppel. Once the estoppel element is established to supplant the missing element of contractual consideration, the agreement’s enforceability is established. See Mount Sinai Hospital of Greater Miami, Inc. v. Jordan, 290 So.2d 484, 485 (Fla.1974) (citing 1 Williston on Contracts, Sec. 116, pp. 250-51 (1st ed.1920) (concluding “The view most commonly held is that such a subscription is an offer to contract which becomes binding as soon as the work towards which the subscription was promised has been done or begun, or liability incurred in regard to such work on the faith of the subscription.”)).
Using that reasoning then it becomes simple to understand that once the element of promissory estoppel is found, a cause of action for the breach of a pledge accrues where the pledge was agreed to be per *953 formed. See Suzanne Walker & Assocs. v. Qualtec Quality Servs., Inc., 660 So.2d 384 (Fla. 5th DCA 1995). See also Maurice Gelina & Assocs., Inc. v. Modular Computer Systems, Inc., 639 So.2d 1060 (Fla. 3d DCA 1994).
As the charity argues, because the instant pledge was made in Dade, $70,000 in payments were made in Dade, and the balance of the pledge was due to be paid in Dade, Lubavitch’s choice of venue in Dade was proper. The bank having failed to demonstrate that the venue chosen was improper, Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977), the charity’s choice controlled.
Accordingly, the trial court’s decision transferring venue is reversed. Venue will be in Dade county for the charity’s amended action to proceed.