ALTENBERND, Judge.
Boatarama, Inc. (“Boatarama”), appeals a nonfinal order denying its motion to dismiss the complaint of Arthur Laws on the basis of improper venue. We affirm because the cause of action accrued in Collier County where Boatarama was obligated to refund Mr. Laws’ deposit.
Mr. Laws, a resident of Collier County, entered into a marine purchase agreement to purchase a boat from Boatarama. Boa-tarama’s principal place of business is Bro-ward County. Pursuant to the agreement, Boatarama required Mr. Laws to make an $18,000 deposit toward the purchase of the boat. The agreement also provided that the boat would be ready for pre-inspection delivery in Dade County on a date certain. Should the boat not be ready on that date, Mr. Laws had the option to cancel the agreement and receive a return of his deposit.
Mr. Laws filed a lawsuit in Collier County seeking the return of his deposit. He alleged that the boat was not ready on the specified date. He had elected to cancel the agreement, but Boatarama had refused to return his deposit. Boatarama moved to dismiss Mr. Laws’ complaint on the basis of improper venue. The trial court denied Boatarama’s motion.
We affirm the trial court’s order on the authority of U.S.H. Properties Corp. v. Intercoastal Investments, 331 So.2d 385 (Fla. 2d DCA 1976), which held that a cause of action for failure to return such a deposit, as money due and owing, accrues where payment is to be made. In doing so, we note that we find no conflict with Earl W. Shomber & Co. v. Florida Casino Associates, 469 So.2d 936 (Fla. 3d DCA 1985). Earl W. Shomber & Co. involved a deposit that was held in a formal escrow account pursuant to an escrow agreement. See generally 30A C.J.S. Escrows § 11 (1992). In this case, Mr. Laws’ deposit is not held in escrow. Instead, if his allegations are true, he has a debtor-creditor relationship with Boatarama. We also find no conflict with Goodwin v. Figueroa, 407 So.2d 1055 (Fla. 3d DCA 1981), because the addendum to the agreement between the parties in this case specifically provided that Boatarama would return the deposit to Mr. Laws if a condition precedent was not satisfied and Mr. Laws validly canceled the agreement.
Affirmed.
SALCINES and SILBERMAN, JJ., Concur.