WARNER, J.
In a settlement agreement to a paternity suit, the father, who lived in Texas, agreed that should he default on obligations under the agreement for more than thirty days after written notification, he would consent to Florida jurisdiction of the support issues. The father defaulted, and the mother filed suit in Florida to enforce the agreement and for modification. Although the father neither filed a sworn motion to dismiss nor testified on the issue of venue, the trial court dismissed the petition after concluding that venue was in Texas. We reverse.
In settling the paternity action, the parties entered into a “Parental Responsibility and Mediated Settlement Agreement” that provides:
Support jurisdiction will be in the State of Texas for as long as the Father resides in the State of Texas and ... is not in default of his obligations under this Agreement by more than 30 days after written notification of default....
Otherwise, all suits regarding child support and enforcement of the financial obligations relating to the child would be *430 brought in Florida. The father agreed to submit himself to the jurisdiction of Florida for the purposes of the agreement, and the mother agreed to submit herself to Texas jurisdiction so long as jurisdiction has not transferred to Florida pursuant to the agreement.
The mother filed a petition in Florida for modification of child support and enforcement of the terms of the agreement. She alleged that the father had failed to obtain or maintain a life insurance policy as required to secure his child support. He also failed to pay child care for the minor child for six months and failed to pay the proper amount of child support. She further alleged that notice was given of the defaults. In a footnote, the mother conceded that the father had remedied both the failure to pay child care and failure to pay the proper amount of child support months after he received notification of the default.
The father responded with an unsworn motion to dismiss in which he alleged that pursuant to the parties’ agreement any modification actions must be brought in Texas. The court deferred ruling on the venue issue until it held a hearing to determine whether the father was in default pursuant to the parties’ agreement.
At the hearing, the court did not take testimony. Instead, the father’s attorney admitted the defaults but explained their circumstances. As to the child care, the mother took the child out of the daycare center and left the child with her mother, who charged for her service. However, after being put on notice of the default, the father resumed making payments for child care. With respect to the life insurance, he explained that he had a policy through his employment, but he was terminated from his position and lost his coverage. He said he executed a will and named the child as primary beneficiary. Ultimately, the father obtained insurance about four months after the suit was filed. He did not produce the policy, and the mother sought to offer evidence that he was not in fact insured.
The trial court refused to take any evidence and granted the father’s motion to dismiss the petition, determining that the father did not breach the agreement and that any default by the father was “not significant enough to change the agreement.” The court ordered the support issues to be heard in Texas, thus changing venue of the proceedings.
The mother contends that the father did not satisfy his burden of proof that the suit was not properly brought in Florida. The defendant’s burden can only be satisfied by pleading and proving facts showing that venue is improper. Davis v. Dempsey, 343 So.2d 950, 952 (Fla. 3d DCA 1977). Here, the father failed to do that. Perhaps he could have done so, but the trial court refused to hear evidence on the issue, choosing instead to listen only to the attorneys’ arguments.
We reject the father’s contention that, as a matter of law, he was entitled to a change in venue. The mother alleged three defaults of the provisions of the agreement, and the default on securing insurance had not been cured at the time of trial. The trial court deemed this to be an insubstantial default. Nevertheless, the contract does not provide that the default be material. It provides that jurisdiction resides in Texas for support issues “so long as the father is not in default of his obligations” for more than thirty days. The contract is unambiguous and does not require interpretation.
Because the father did not prove that venue was improper, we reverse. We re *431 mand for a new hearing where both parties can present evidence on the issue.
KLEIN and TAYLOR, JJ., concur.