957 So.2d 655 (2007)
MICHAEL SCHIFFRIN & ASSOCIATES, P.A., Appellant,
v.
George KORALY, Appellee.
No. 3D06-2724.
District Court of Appeal of Florida, Third District.
March 21, 2007.
*656 Michael Schiffrin, Miami, for appellant.
Steward & Evans and Ralph L. Evans, Vero Beach, for appellee.
Before RAMIREZ, WELLS, and LAGOA, JJ.
LAGOA, Judge.
Appellant, Michael Schiffrin & Associates, P.A. ("Schiffrin"), appeals an order transferring venue from Miami-Dade County to Brevard County. We reverse.
I. FACTUAL AND PROCEDURAL HISTORY
Schiffrin is a professional association whose principal place of business is located in Miami-Dade County. On December 12, 2005, the defendant, George Koraly ("Koraly"), a resident of Brevard County, executed a retainer agreement with Schiffrin. In the retainer agreement, Schiffrin agreed to represent Koraly in a claim against Nationwide Insurance for property damage caused to Koraly's home by Hurricane Jeanne. Specifically, the retainer agreement stated:
As indicated to you previously, we would agree to represent you with regard to your claim against Nationwide Insurance for the property damage portion of your claim, which damage was caused by Hurricane Jeanne on or about September 25, 2004 on a thirty percent (30%) contingency basis. This means that from any and all amounts we are successful in recovering, whether by settlement, judgment, verdict or award, we would be entitled to 30% of the GROSS amount, to wit: before the deduction of any and all other fees due to other service providers, experts, as well as prior to the issuance of payments for all costs *657 and/or expenses which are outstanding at that time.
The retainer agreement, however, was silent as to the place of payment for Schiffrin's fee.
After execution of the retainer agreement, Schiffrin drafted a summons and two-page complaint and mailed them to Koraly on January 10, 2006 for his review. Pursuant to Koraly's instructions, however, Schiffrin did not file suit as Koraly was in negotiations with the insurance company "in an attempt to resolve this matter amicably."[1] On February 6, 2006,[2] and March 6, 2006,[3] Schiffrin sent two additional letters to Koraly inquiring as to the status of the settlement negotiations.
After learning that Koraly had settled his claim with the insurance company for $190,000.00, Schiffrin sued Koraly in Miami-Dade County for breach of contract. In the complaint, Schiffrin alleges that Koraly failed to pay the thirty percent (30%) contingency fee due under the retainer agreement and that Schiffrin complied with all terms and conditions of the agreement and with all conditions precedent. Koraly, a resident of Brevard County, moved for a change of venue, pursuant to Florida Rule of Civil Procedure 1.140(b), asserting that the "cause of action framed by these allegations revolve around the insurance proceeds for the [d]efendant's residence located in Micco, Brevard County, Florida." The trial court granted the motion and this appeal ensued.
II. ANALYSIS
On appeal, Schiffrin argues that, because the action is one for a liquidated amount due under a contract that does not state a place of payment, the general rule that payment is due where the creditor *658 resides or has a place of business applies. Koraly, however, characterizes the agreement as one for services, and argues that the rule that a cause of action accrues where services are due under the contract applies to the instant case.
We find Koraly's argument unpersuasive given the following well-settled principle of law:
A cause of action for venue purposes accrues in the county where the contract is breached. Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979). If a plaintiff alleges breach of a covenant to pay money due or already earned under a contract, the cause of action accrues where performance of the act of payment was to occur. Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99 (Fla. 1st DCA 1961). . . . [W]hen a written contract fails to specify the place where payments are to be made, a cause of action for failure to pay is properly brought in the county where the plaintiff has its principal place of business.
Sunshine Yacht Sales, Inc. v. Bob Anslow Yacht Sales, Inc., 669 So.2d 342, 343-344 (Fla. 3d DCA 1996) (quoting Ryan v. Mobile Commc'ns Enters., Inc., 594 So.2d 845, 846 (Fla. 2d DCA 1992)).
Here, the complaint contains a single count for breach of contract for failure to make payment under the retainer agreement. Because Schiffrin alleges that it performed under the retainer agreement and that Koraly failed to pay the thirty percent (30%) contingency fee due under the agreement, the cause of action accrues where the payment was to occur.[4] As noted previously, because the retainer agreement did not provide for a place of payment, a cause of action for failure to pay is properly brought in the county where Schiffrin has its principal place of business. Because Schiffrin's principal place of business is in Miami-Dade County, the trial court erred in transferring the case to Brevard County. Accordingly, the trial court's order transferring venue is reversed and this case is remanded for proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Schiffrin's January 10, 2006 letter enclosing the draft summons and complaint stated in pertinent part:

Dear Mr. Koraly: In accordance with your telephone notification of January 6, 2005, I herewith confirm that I will not file suit against the insurance company on your behalf until further notification from you. It is my understanding that Epic Group is negotiating with the insurance company in an attempt to resolve this matter amicably.
In the meantime, I herewith enclose a copy of the Summons and Complaint which I have prepared for your review. Please advise immediately if it appears that settlement of your claim is not forthcoming so that I can proceed with the lawsuit against Nationwide Insurance Company of Florida on your behalf.
[2] The February 6, 2006 letter stated in pertinent part:

Dear Mr. Koraly: On January 10, 2006, I wrote to you confirming your notification of January 6, 2005 to my office by telephone that I should hold-off filing the lawsuit in this matter as Epic Group was negotiating with the insurance company in an attempt to resolve your claim amicably. I have not received anything from you or Epic Group concerning this matter and I would appreciate your updating me. By copy of this letter I am likewise requesting that Epic Group provide me with a written update for my file. Needless to say, if by now the matter has not been resolved and settlement negotiations have broken down, you would best be served by filing suit.
[3] The March 6, 2006 letter stated in pertinent part:

Dear Mr. Koraly: I have not heard from you in response of my last two letters to you with regard to the filing of the lawsuit in the above-captioned matter, which lawsuit was prepared and sent to you for approval some time ago. As a matter of fact, you had indicated that you were attempting to amicably resolve your claim with the insurance company directly and since I have not heard from you as to whether a resolution was accomplished, I need for you to immediately provide me with a written update so that I can note my file accordingly. Needless to say, if by this time the insurance company still refuses to honor your claim, my opinion would be that you would be best served by filing suit.
[4] Because the matter before us is solely whether venue is proper in Miami-Dade County, we make no decision today regarding whether Schiffrin, who apparently never filed suit on Koraly's behalf, satisfied the terms and conditions of the retainer agreement.